S. H. BARRY, *Appellant*, v. WILLIAM J. WALKER, et al., *Appellees*.

137 So. 711.

Division B.

Opinion filed November 13, 1931.

*L. D. McGregor* and *Zewadski & Pierce*, of Tampa, for Appellant;

*Doyle Campbell* and *Dickenson & Lake*, of Tampa, for Appellees.

DAVIS, J.—This is an appeal from a decree of the Circuit Court of Hillsborough County affirming an order of the County Judge of that county refusing to revoke the probate of the will of C. A. Meacham, a colored woman. The procedure followed in the County Judge's Court was that provided by Section 5476 C. G. L., 3611 R. G. S., and the appeal to this Court from the judgment of the Circuit Court is under Section 4642 C. G. L., 2923 R. G. S.

Upon November 16, 1927, Blanche Beatty filed a petition with the County Judge to probate a document purporting to be the last will and testament of C. A. Meacham. The petition stated that the testatrix had executed the will upon the 7th day of October, 1927, and had died upon November 5, 1927. The probate was allowed upon the petition, supported by the oath of one Presley Pughsley, one of the subscribing witnesses thereto, in accordance with Section 5472 C. G. L., 3607 R. G. S. The order admitting the will to probate was entered on November 18, 1927.

The will admitted to probate with the attestation clause of the subscribing witnesses thereto was as follows:

"STATE OF FLORIDA, COUNTY OF HILLS-BOROUGH.

I, C. A. Meacham, of Tampa, Hillsborough County, Florida, being of sound and disposing mind and memory, and realizing the uncertainty of life, to deem it best to make, publish and declare this to be my last will and testament.

1. It is my will that all my just debts and funeral expenses be paid as soon after my death as practical by my executors hereinafter named.

2. I give, devise and bequeath unto Breezy Porta Walker the daughter of my beloved foster daughter Lilla B. Walker and her husband William J. Walker, my house and lot located at number 1612 Lamar Avenue, City of Tampa, Hillsborough County, Florida.

3. I give, devise and bequeath unto my beloved foster daughters, Arlean E., Laurie and Lilla B. Walker all of the rest, residue and remainder of my estate, both real and personal, in equal shares, to have and to hold unto them, their heirs and assigns in fee simple forever.

4. I hereby nominate, constitute and appoint William J. Walker, the husband of my foster daughter Lilla B. Walker, and Blanch Armwood Beatty, and further direct that the probate Judge of Hillsborough County, Florida, appoint some other responsible person, and that the said William J. Walker, Blanch Armwood Beatty and the person appointed by the Probate Judge shall be the executors of this my last will and testament, and I direct that they serve as such executors without giving bond.

5. IN WITNESS WHERE, I the said C. A. Meacham, the testator have hereunto set my hand and seal, and do hereby publish and declare this to be my last will and testament, hereby revoking all other wills by me made, in the presence of Almighty God and the subscribing witnesses.

This the 7th day of October, A. D. 1927.

C. A. Meacham.

We the undersigned hereby certify that the said C. A. Meacham signed, sealed, published and declared the foregoing as her last will and testament in our presence, and that she signed the same in our presence, and that we in the presence of each other and in the presence of the testator, and at the testator's request have hereunto

set our names as subscribing witnesses, on this the 7th day of October, A. D. 1927.

Stubb C. Pughsley, 1510 Jefferson St.
Preston M. Pughsley, 1510 Jefferson St.''

Upon petition of the devisees, one Anthony J. Major was named co-executor.

On November 13, 1928, S. H. Barry filed his petition for the revocation of the probate of said supposed will. This petition alleges that Barry was the first cousin of the decedent, and that decedent had no other kin of closer relationship; that at the time of her death she left neither husband nor children, nor father nor mother, nor sister nor brother, nor niece nor nephews, but left only petitioner and other first cousins and some second cousins.

This petition further averred that the paper which had been probated as the last will and testament of C. A. Meacham was not in truth nor in fact the genuine last will and testament of said C. A. Meacham and that C. A. Meacham did not sign the said alleged instrument, but that the same was signed by some other person and not by decedent, or at her instance or request. It was further alleged that the purported attestation and subscription of the witnesses whose names appear thereon were not done by them, or either of them, in the presence of the said decedent and that said decedent did not publish or declare said instrument as and for her last will and testament in the presence of the persons whose names were signed to the purported will as witnesses thereto, nor did the decedent request the witnesses to sign the said paper as her will. Revocation of the probate was prayed upon the grounds asserted by the petition.

Blanch Beatty and the other executors by their answer denied that C. A. Meacham died intestate as asserted in the petition of Barry, and affirmed the truth to be that she died testate, leaving her last will and testament bearing date October 7, 1927, which is the same document that

was admitted to probate as hereinbefore stated as the true last will and testament of the said C. A. Meacham.

The County Judge personally heard oral testimony and considered other evidence, both on behalf of the petitioner and respondents, with reference to the genuineness of the will, and entered his decree to the effect that the authenticity and genuineness of the said will had been fully established and denied revocation of probate.

At the beginning of the trial before the County Judge as to the issues raised by the petition and answer, the County Judge ruled that the burden of proof as to the forgery of the will was upon the petitioner seeking revocation of probate and not upon the proponents of the will who, following the procedure provided by law, had obtained the probate of such will.

The Circuit Judge who affirmed the judgment of the County Judge seems to have taken a contrary view and to have held that the burden of proof was upon the proponents of the will and not upon the petitioners for revocation of probate. This conclusion seems to have been arrived at because of the provision of Section 5476, C. G. L., supra, which provides that the proof adduced by the petitioners under said Section ''shall in all cases be taken as in case of contests before probate as provided in Section 5467.'' The Circuit Judge held, however, that the record showed by an overwhelming weight of the evidence that the will was genuine and not a forgery as contended for, and being satisfied to that effect, the Circuit Judge sustained the judgment appealed from, holding that it was immaterial as to who had the burden of proof, under the circumstances.

But on appeal to this Court appellants contend that because the County Judge proceeded to try the facts of the case on what they say is an erroneous assumption that the appellants and not their adversaries had the burden of proof, that they are entitled to have the cause reversed in this Court in order that the same may be remanded for a

retrial under the correct rule of law applicable to the burden of proof.

In support of this argument, it is urged that this Court has, in a number of cases, granted writs of certiorari when it appeared that lower courts or tribunals did not proceed according to the essential requirements of law in reaching their conclusions.

One of these essential requirements of law in trying any case is that the court shall weigh and try the facts of the case in the light of the correct rule as to who has the burden of proof with respect to the issues. Such principle has been recognized by this Court in the cases of S. A. L. Ry. Co. v. Railroad Commission, 100 Fla. 1027, 130 So. 587; Florida Motor Lines v. Railroad Commission, 100 Fla. 538, 129 So. 876.

In the case of Payne v. Payne, 82 Fla. 219, 89 So. 538, this Court reversed a decree of the Circuit Court dismissing a bill for partition, stating: "It is manifest that the decision of the chancellor was the result of a misapprehension of the comprehensive and liberal purpose and intent of the statute," the proper application of a statute to the facts in issue being involved in the decision of that case. In a case decided at the present term (E. Alley Co. et al. v. Ball, opinion filed September 29, 1931, to be reported in 136 So. 704), this Court reversed a judgment at law rendered by a Circuit Judge trying the case without a jury because the Judge erroneously granted a motion for a directed verdict on the alleged legal insufficiency of the evidence to make out a case in law, whereas, such result might not have been reached in that case had the same judge rendered the same decision on the merits while sitting as a trier of the facts after proceeding with such trial and reaching his conclusions in the light of the proper principles of law applicable to the evidence.

It seems therefore, that if the ruling of the County Judge as to the burden of proof was erroneous, we would be

obliged to reverse the judgment for a retrial of the facts according to the proper principles of law governing the burden of proof, even though the case is such as could not be properly reversed on a question of fact under the well established rule that decrees on conflicting evidence, but supported by substantial evidence, will not be disturbed by an appellate court. See Schmutt v. Bethea, 78 Fla. 304, 82 Sou. Rep. 817.

In this case the petitioners who asked for the revocation of the probate had filed no *caveat* to prevent the probate of the alleged will in the first instance. This they might have done under the provisions of Section 5467 C. G. L., 3602 R. G. S., which provides that if any person interested desiring to contest any will offered for probate is apprehensive that the will may be admitted to probate without his knowledge, may file in the office of the County Judge a *caveat* which will have the effect of precluding the admission of the will to probate until after the County Judge shall have given at least ten days notice thereof to the caveator in order that he might try his contest before probate.

But in this connection it is contended that the provisions of Section 5476 C. G. L., *supra*, make applicable the same rules as to burden of proof under a petition to revoke a will after admission to probate as would be applicable to a contest of the same will before probate. Such contention is grounded upon the following provision found in Section 5476 C. G. L., supra: "And the said court shall, upon the petition and answer of the parties, and the proof adduced by them, which shall in all cases *be taken as in case of contest before probate as provided in Section 5476,* confirm or revoke the said probate according to the law and justice of the case. (Italics ours)."

By reference of Section 5476 C. G. L. referred to, it will be seen that this paragraph was originally paragraph 1 of Chapter 3886 of the Laws of 1889; Section 5466 was

originally paragraph 2, and Section 5469 was originally paragraph 3, and Section 5470 was originally paragraph 4 of said Act of 1889. By reference to Section 5470, it will be seen that that Section provides the *manner and means of the taking* of testimony, and does not relate to the legal effect, weight or relative value as proof of the testimony taken.

The requirement of Section 5476 that the proof adduced by the parties under a petition for revocation of a probate of a will shall in all cases "be taken" as in case of contest before probate, was evidently intended to refer only to the *manner and means* by which the testimony was to be taken and the hearing to be had, and not to the burden of proof and the rule of weighing evidence which would apply in a case of a contest before probate under the preceding Sections.

As has been well put in the brief of the appellee, to place the construction contended for by appellant upon Section 5476 C. G. L. would be to make null and void and of no effect the provisions of Section 5476 with reference to filing of *caveat,* and would further make of no effect the regular and ordinary admission to probate of wills; because at any time thereafter any person, or for that matter any number of persons, at any time, or at any different times, would be permitted to come in and contest any will by seeking a revocation of the probate thereafter and thereby compel the proponents of the will, not once, but possibly any number of times, to again go in and sustain the probate of the will by assuming and maintaining again and again the same burden of proving it was not a forgery.

In construing a statute of this kind we may look at the possibly grave consequences which would follow a particular construction contended for, and refuse to follow such construction as against a contrary one which seems the more reasonable.

The admission or rejection of a will to probate is a judi-

cial determination of the character and validity of the instrument presented as a will, and is in effect a judgment *in rem*. Proceedings to annul a will are likewise treated as proceedings *in rem*. Blackshear Company v. Northup, 176 Ala. 190, 57 So. 743; 42 L. R. A. (N. S.) 54. In the case just cited it was said by ANDERSON, J., speaking for the Supreme Court of Alabama:

> "The general rule is that the probate of a will cannot be collaterally impeached on any ground. The probate of a will establishes its status; and the status thus established adheres to the will as a fixture, and the judgment or decree in the premises, unless avoided in some mode prescribed by law, binds and concludes the whole world."

It was also stated in that case that a decree of probate made by the register of wills is a judicial decree and that if there is a res upon which the decree of probate can act, that is, a paper purporting to be a will presented in proper form and declared proven as such, and the decree does not show on its face that it contravenes the law or public policy, such decree of probate will be binding upon the world on collateral attack, and the paper thus probated becomes in law the last will and testament of the decedent until set aside in appropriate proceedings.

So strong is the presumption in favor of the genuineness of a will duly proven and admitted to probate, that the courts of the common law formerly went so far as to hold that the forgery of a will which had been admitted to probate could not be made on the ground of an indictment until the probate had been revoked, although this rule is now practically obsolete. See 28 R. C. L. page 376.

The probate of a will by the probate court having jurisdiction thereof considered as conclusive that the will is genuine and not a forgery, so long as the probate stands unrevoked. Tracy v. Muir, 151 Cal. 363, 90 Pac. 832; 121 A. S. R. 117; Newman v. Waterman, 63 Wis. 612, 23 N. W. 696, 53 Am. Rep. 310.

It therefore appears that recognizing this strong presumption which exists in favor of the validity and genuineness of a will which has been *already* probated, when such will is in proper form and proved in the manner provided by law, our statutes intended to preserve a method by which any person interested or claiming to be interested in the estate of a decedent might file a *caveat* which would have the effect of defeating the attempted probate of a supposed will, until the caveator should have been given due notice and an opportunity to be heard in regard to any matter which might be properly made an issue in a probate proceeding.

It seems equally clear also that under our statutes and the law relating to wills generally, that a will once admitted to probate, whether after a contest or not, acquires a *status* as a will at least *prima facie* (unless the decree of probate be void on its face) and in a proceeding to revoke such probate, the burden accordingly rests upon him who would have the probate set aside, to both allege and prove sufficient facts to warrant such revocation. See Succession of Richardson, 132 Sou. Rep. 360.

And the fact that Section 5476 C. G. L. provides that upon a proceeding to revoke probate the proof adduced by the parties shall be "taken" as in cases of contest before probate, obviously was never intended to lessen the weight required to be given to the probate of a will as evidence, because the probate itself creates a status of the *rem* (or will) which certainly was not intended to disappear and become of no effect the instant such status is challenged by a mere petition for revocation of probate filed under Section 5476 C. G. L.

We must therefore hold that upon a proceeding filed in accordance with our statutes for the probate of a will after it has once been admitted to probate, whether admitted to probate with or without a contest in the first instance, the burden of alleging and proving sufficient legal

grounds to avoid the probate of the will is upon the petitioner for revocation of probate, and that the provision of Section 5476 C. G. L. to the effect that the proof adduced by the parties shall be taken as in case of a contest before probate as provided in Section 5477, relates only to the procedure and method of taking evidence on the issues made by the petition to revoke probate. The burden of proof thus being upon the appellant petitioner in the contest in the court below, it affirmatively appears that no error was committed by the County Judge in so ruling at the beginning of the hearing had before him.

The appellant next contends that the Circuit Court committed error in not reversing the County Judge for refusing to re-open the case and admit further testimony tending to show that a conspiracy had been entered into between the executors, witnesses and devisees of the will to procure its execution by means of forgery committed after the death of Christine A. Meacham, the alleged testatrix.

In Wilson v. Johnson, 51 Fla. 370, 41 So. 395, it was held that courts of justice exist for the administration and furtherance of justice and in the conduct of trials generally much must be left to the discretion of the trial judge and that after either or both parties to a case have rested, the admission or exclusion of further evidence is in the discretion of the judge and that this discretion extends to evidence offered during and after the argument and even after the cause has been submitted to the jury or judge trying the case. It was also said in that case that where proper application is made for the admission of further evidence and exception may be taken to a denial of the request by the trial judge and if the ruling be an abuse of discretion that relief may be had from an appellate court.

The record in this case shows that upon the issue joined before the County Judge the Court personally heard oral testimony, both in behalf of petitioner and of the respondents, and that the said testimony was taken in shorthand

by the official court reporter at the time of the hearing, which was concluded on the 18th day of July, 1929. After the hearing the court took the cause under advisement and did not render its judgment in the case until November 8, 1929.

On October 19, 1929, the petitioner, Barry, through his counsel, filed his sworn petition before the County Judge in which he alleged, in substance, as follows: That shortly after the death of the deceased one of the executors named in the alleged will admitted that the said C. A. Meacham, deceased, left no will; that if permitted to do so by reopening the case that petitioner would prove that shortly after the death of the deceased, Blanche Beatty and Anthony Major, two of the executors in said alleged will, and Arlean Laurie and Lilla B. Walker, named as devisees in the alleged will, and Stubb C. Pughsley and Preston Pughsley, witnesses to the said alleged will, conspired together to defraud the heirs at law of the said C. A. Meacham, deceased, of their lawful right and interest in C. A. Meacham's estate, and that all of these alleged conspirators had a meeting at the house of C. A. Meacham, deceased, where one of the executors had stated that there was no will left by the said Meacham but that said executor was going to be named as one of the executors in a will of said deceased, and was in fact named one of the executors in said alleged will, all of which is alleged to have taken place some few days after the death of the said Meacham; that petitioner stood ready to prove by witnesses of good moral character and worthy of belief, with no interest in the subject matter of said suit or estate, that all of the said conspirators would receive a part of the said estate in commissions, funeral expenses, legacies and benefits thereunder, and that petitioner had used every effort and diligence known to human energy to discover the above evidence before the trial of the cause, but was unable to learn of or discover the facts as set forth in the petition

until about a week before the filing of the same; that the evidence which the petitioner expected to produce if the case was re-opened was most material and relevant to the issue of forgery and conspiracy to perpetrate a forgery of the will so as to defraud the heirs at law of the deceased, and that the evidence which would be produced would corroborate the testimony of the handwriting expert and others who had testified that the signature to the will was not the signature of C. A. Meacham, but was a forgery.

The petition was sworn to and signed by counsel for the petitioner and filed before the court on October 19, 1929. On October 31, 1931, the petition was denied.

A majority of the Court are of the opinion that under the circumstances and facts of this particular case where the evidence on the point of forgery of the will was in such sharp conflict and the testimony of the handwriting expert had been offered tending to sustain the charge that the signature appearing on the paper had been forged, and where it does not appear that any particular inconvenience would have been caused the court or any of the parties by re-opening the case, which was being held under advisement by the Judge, that the County Judge should have granted the application, which appears to have been seasonably made, and should have permitted the petitioner seeking a revocation of the probate of the will to offer the additional testimony referred to in his petition.

A majority of the Court are further of the opinion that while matters of this kind are largely discretionary and appellate courts are reluctant to hold trial judges in error when they have passed upon an application of this kind adverse to the appellant, that under the circumstances of this particular case, as shown by the record, that the County Judge should have granted the petition to re-open the cause and should have received the additional testimony which the appellant in his petition offered to adduce and that the denial of the County Judge of appellant's petition under

the circumstances was error for which the judgment should be reversed and the cause remanded, with directions to allow the petition and receive such further testimony as may be offered by the petitioner as indicated in his petition, and such testimony as may be offered by the respondents in rebuttal thereto, and for further proceedings according to law. Barber v. State, 5 Fla. 199.

The remaining question as to whether or not the contestant sufficiently established by the proof that the document probated as the last will and testament of C. A. Meacham was a forgery and therefore not her genuine will is not passed upon in view of the fact that the decree appealed from must be reversed for further proceedings.

Reversed and remanded with directions.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.