DOROTHY ALLEN, *et al.*, v. OLIVE C. FISHER, *et al.*

190 So. 264
Division A
Opinion Filed June 27, 1939

*Huffaker & Edwards,* for Appellants;

*Bryant & Trantham, Holland, Bevis & Hughes,* for Appellees.

PER CURIAM.—We review here on appeal final decree of the Circuit Court in and for Polk County in a suit instituted for the purpose of obtaining a declaratory judgment construing a codicil to a will. The codicil is as follows:

"In the First National Bank & Trust Co., of Easton, Pa., I have a small Estate in my safety box there known as my personal savings estate, comprised of U. S. Steel Stock, American Tel. & Tele., General Motors, Newmont, United Gas Improvement, Phillips Petroleum, United Artists Theatre Circuit, Easton Gas & Fuel Associate, First National Store, Inc., in fact everything in that box belonging to me, except the Highland Park Bonds which belong to Mr. Baker's Estate. I wish all this handed to my sister intact— just as it is after my death. My sister Olive C. Fisher to be the only beneficiary to this Estate.

"ISABELLA F. BAKER

"Witness: Effie C. Churchman
"Witness: Mabel E. Else
"Witness: R. M. Covey."

The contention before the Court was and is that there is a latent ambiguity in the codicil which requires a construction thereof. The Honorable W. J. Barker, Circuit Judge, in the final decree appealed from, stated the contentions of the parties and the judgment of the court as follows:

"This cause came on to be heard this day on the bill of complaint, the amended answer and counterclaim of Dorothy Allen, as sole and only heir at law of Elizabeth C. H. (Mrs. A. Latham) Baker, deceased; Harriet B. (Mrs. W. H.) Ingersoll; Mary L. Baker; Elizabeth L. (Mrs. E. A.) Pritchard; Margaret M. Ingersoll; Vera Baker; Esther B.

(Mrs. C. E.) Searles; Dorothy (Mrs. J. Roy) Allen; and Elizabeth Ingersoll (Mrs. E. A.) Pritchard, as Trustee for the use and benefit of Ernest Pritchard and Elbert C. P. Pritchard; and upon the amended answer and counterclaim of the defendant, Olive Cornelia Fisher, which incorporate therein a motion to strike certain paragraphs of the bill of complaint and motion to strike the amended counterclaim of the defendants Dorothy Allen and others, and upon the answer of the defendant Margaret Fisher and Margaret Neinstedt Fisher.

"The complainant was present by W. F. Bevis, of Holland, Bevis & Hughes, solicitors for complainant, the defendants Olive Cornelia Fisher, Margaret Fisher and Margaret Nienstedt Fisher, were present by T. S. Trantham, of Bryant & Trantham, their solicitors, and other parties defendent were present by R. B. Huffaker, of Huffaker & Edwards, their solicitors, all parties to the proceedings being before the court. The court has heard argument of counsel and is fully advised of its judgment in the premises.

"This proceeding is brought for the construction of the codicil to the will of Isabella Fisher Baker, deceased, which has been duly probated in the County Judge's Court of Polk County, Bartow, Florida, a copy of the Will and a copy of the codicil being attached to the bill and made a part thereof.

"Jurisdiction inheres in this court to construe the said will and codicil by virtue of Section 78 of the Probate Act of 1933.

"It is contended by the plaintiff as executor of the will and by the defendants, Dorothy Allen, as sole and only heir at law of Elizabeth C. H. (Mrs. A. Latham) Baker, deceased; Harriet B. (Mrs. W. H.) Ingersoll; Mary L. Baker; Elizabeth L. (Mrs. E. A.) Pritchard; Margaret M. Ingersoll; Vera Baker; Esther B. (Mrs. C. E.) Searles; Dorothy (Mrs. J. Roy) Allen; and Elizabeth Ingersoll (Mrs. E. A.)

Pritchard, as Trustee for the use and benefit of Ernest Pritchard and Elbert C. P. Pritchard; that there is a latent ambiguity in the will and codicil which requires a construction thereof. It is contended by the defendants, Olive Cornelia Fisher, Margaret Fisher, and Margaret Nienstedt Fisher, that there is no ambiguity in the will and codicil, and that the duty of the executor is plain and unmistakable, namely to turn over to the beneficiary, Olive Cornelia Fisher, the contents of the safety deposit box therein referred to and disposed of by said codicil.

"It is the opinion of the court and the court so finds that there is no ambiguity latent or patent in the said codicil, and that the contention of the defendants, Olive Cornelia Fisher, Margaret Fisher and Margaret Nienstedt Fisher, is correct.

"It is accordingly CONSIDERED, ADJUDGED AND DECREED that the motion to strike designated paragraphs of the bill of complaint and the motion to strike the counterclaim of the defendants Dorothy Allen, as sole and only heir at law of Elizabeth C. H. (Mrs. A. Latham) Baker, deceased; Harriet B. (Mrs. W. H.) Ingersoll; Mary L. Baker; Elizabeth L. (Mrs. E. A.) Pritchard; Margaret M. Ingersoll; Vera Baker; Esther B. (Mrs. C. E.) Searles; Dorothy (Mrs. J. Roy) Allen; and Elizabeth Ingersoll (Mrs. E. A.) Pritchard, as Trustee for the use and benefit of Ernest Pritchard and Elbert C. P. Pritchard, be and the same are hereby sustained.

"And the plaintiff and the defendants, Dorothy Allen, as sole and only heir at law of Elizabeth C. H. (Mrs. A. Latham) Baker, deceased; Harriet B. (Mrs. W. H.) Ingersoll; Mary L. Baker; Elizabeth L. (Mrs. E. A.) Pritchard; Margaret M. Ingersoll; Vera Baker; Esther B. (Mrs. C. E.) Searles; Dorothy (Mrs. J. Roy) Allen; and Elizabeth Ingersoll (Mrs. E. A.) Pritchard, as trustee for the use and benefit of Ernest Pritchard and Elbert C. P. Pritchard,

declining to amend and the defendant, Olive Cornelia Fisher, moving for the entry of a final decree upon her said couterclaim; it is now, therefore, further CONSIDERED, ADJUDGED AND DECREED that The Florida National Bank of Jacksonville, a corporation, as executor of the Estate of Isabella Fisher Baker, deceased, do forthwith turn over and deliver to the defendant, Olive Cornelia Fisher, or to her solicitors of record, the personal property disposed of and bequeathed to her in said codicil, to-wit:"

He then described the property which is admitted by the pleadings was all the property contained in the safety deposit box excepting the Highland Park bonds mentioned in the codicil.

We concur in the views expressed by the Circuit Judge in his decree. We find no latent ambiguity in the codicil and hold that it clearly bequeathed to the beneficiary named therein all the property in the safety deposit box referred to, except the Highland Park bonds.

Therefore, the decree should be, and is, affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.