**JOHN D. NEAL and DORA BOYD v. A. C. HARRINGTON**

31 So. (2nd) 391                                    June Term, 1947
July 25, 1947                                Special Division B

*W. H. Brewton,* for appellants.

*O. L. Dayton, Sr.,* and *George C. Dayton,* for appellee.

BUFORD, J.:

The record shows that one Emma A. Stafford died in January of 1944; that on April 24th 1944 John D. Deal filed his petition for Letters Testamentary on the Last Will and Testament of Emma A. Stafford, deceased, in the County Judge's Court of Pasco County, Florida; that on the same day Neal filed the purported will and testament of Emma A. Stafford, deceased, which said will was dated June 9th 1942, and devised and bequeathed to her niece Dora Boyd of St. Petersburg, Florida, as follows:

"All I may possess at my death. All real estate and personal property, or mixed. All money in hand or in the Hillsborough State Bank, of Plant City, Florida."

On the same day Orvil L. Dayton, Jr., as County Judge of Pasco County, Florida, filed his certificate of disqualification. On May 26, 1944, A. C. Harrington filed his petition alleging that Emma A. Stafford was not of sound mind on June 9th, 1942, when she executed said will, and praying that said last will and testament of Emma A. Stafford, deceased, dated June 9, 1942, be declared null and void and of no effect and that another purported will of Emma A. Stafford dated May 8, 1934, be admitted to probate and record as and for the last will and testament of Emma A. Stafford, deceased.

On June 6, 1944, Neal filed his answer to the petition of Harrington denying the allegations of the petition and alleging that at the time said Emma A. Stafford executed said will bearing date June 9, 1942, she was of sound mind and legally capable of executing her last will and testament.

Thereupon the said cause came on to be heard before the Honorable T. Frank Hobson, Judge of the Circuit Court of Pasco County, Florida, sitting as Probate Judge during the disqualification of the aforesaid County Judge of Pasco County, Florida, and after having heard testimony from time to time on said issues, the Honorable T. Frank Hobson on January 17, 1947, as Circuit Judge sitting as Judge in Probate due to disqualification of the County Judge, rendered his judgment finding and adjudging that on the date of the execution of the purported last will and testament of Emma A. Stafford, deceased, bearing date of June 9, 1942, the said Emma A. Stafford was not of sound mind and legal testamentary capacity to execute a valid will, and further finding and adjudging that the said purported last will and testament of Emma A Stafford, deceased, bearing date June 9, 1942, is null, void and of no effect; and the said Judge ordered and adjudged that the petition for admission to probate of said last will and testament of Emma A. Stafford, deceased, bearing date of June 9, 1942, and for Letters Testamentary thereon be denied.

On February 15, 1947, from this order appellants filed their notice of appeal to the Supreme Court of Florida.

Sub-paragraph 2 of Sec. 732.15, 1945 Supplement, Fla. Statutes 1941, provides as follows:

"(2) Appeals from such orders, judgments and decrees made by a Circuit Judge during the disqualification, absence, sickness or other disability of a county judge, as provided in Sec. 732.05, shall lie to the Supreme Court and not to the Circuit Court. Such orders, judgments and decrees shall be held to be orders of a circuit judge or court and not of a county judge or county judge's court."

The appellant poses two questions for our determination, both of which questions challenge the sufficiency of the evidence to sustain the findings and judgment of the Circuit Judge sitting as a judge in Probate.

In Newman v. Smith, 77 Fla. 633, 82 So. 236, we held:

"In the making of a will 'a sound mind' comprehends ability of the testator to mentally understand in a general way the nature and extent of the property to be disposed of, and the testator's relation to those who would naturally claim a

substantial benefit from the will, as well as a general understanding of the practical effect of the will as executed."

See also Hamilton v. Morgan, 93 Fla. 311, 112 So. 80; Marston v. Churchill, 137 Fla. 154, 187 So. 762; Miller et al., v. Flowers, 158 Fla. 51, 27 So. (2) 667.

And in Newman v. Smith, supra, we also held:

"While findings of a fact by a county judge upon conflicting evidence should ordinarily not be disturbed on appeal to the circuit court where there is ample evidence to sustain the finding, yet where the county judge misapprehended the legal effect of the evidence as an entirety and, in a case of this character, if the finding is not 'according to the law and justice of the case' as required by the statute as well as by the general principles of law, the finding of the county judge should not be sustained merely because there is evidence that it is contradicted, on which the finding may be predicated."

To the same effect is Mulford et al. v. Central Farmers Trust Co., 99 Fla. 600, 126 So. 762, and in Hamilton v. Morgan, 93 Fla. 311, 112 So. 80.

It is true that under Sec. 732.31, 1945 Supplement, Fla. Statutes 1941 (same F.S.A.) the burden of proof in such cases as this is upon the contestant to establish the facts constituting the grounds upon which the probate of the purported will is opposed.

In this case there is contradictory evidence as to whether or not the testatrix on June 9, 1942, possessed the capacity to make a will. We find, however, that the preponderance of the evidence supports the findings of the Circuit Judge sitting as a Judge in Probate and there is nothing in the record which indicates that the judge misapprehended the legal effect of the evidence as an entirety.

There is nothing to indicate that his findings are not "according to the law and justice of the case."

For the reasons stated, the judgment is affirmed.

So ordered.

THOMAS, C. J., BARNS, J., and TAYLOR, Associate Justice, concur.