In re HADLEY'S WILL.

No. 13697.

County Judge's Court, Palm Beach County.

October 15, 1958.

Kurtzinger & Honchell, Boca Raton, for contestants.

Anderson & Gundlach, Fort Lauderdale, for the estate.

Winters, Cook, Brackett & Lord, West Palm Beach, for the legatees.

Frank S. McKinnon, Detroit, Mich., for the trustee.

RICHARD P. ROBBINS, County Judge.

Irving M. Hadley died, aged 71, at West Palm Beach, leaving a last will and testament dated October 19, 1955, and a codicil thereto dated June 29, 1956, which were admitted to probate and record in this court on March 20, 1957.

His estate is reported by the executors to be worth $389,318, most of which is bequeathed in trust for the benefit of several charitable organizations.

His only heirs-at-law are mentioned in the ninth paragraph of the will, which reads as follows—"I give, devise and bequeath the sum of Five ($5.00) Dollars each to my niece Dorothy Johnson, and my nephew John Forrest Hadley, both of Pleasant Ridge, Michigan. I do this for reasons well known to myself and to them, and it is my express desire that they shall not participate in my estate, nor shall they have any claim against my estate whatsoever."

On October 18, 1957, Dorothy A. Johnson and John Forrest Hadley filed their petition for the revocation of probate of the will and codicil.

As ground for revocation the petition recites that at the time of execution of the will and codicil, and for a long time prior thereto, the deceased habitually used alcoholic liquors to great excess, that he used strong medicines and drugs, both of which, together with advanced age, resulted in his suffering from a dementia condition as a result of which he did not have an intelligent understanding of his property, its extent and items, and the nature of the act he was about to perform in executing his last will and codicil, together with a clear understanding and purpose as to the manner of his estate's distribution, and the persons who were to receive the assets thereof; that he lacked the elements of understanding of the act of making a will, the purpose and distribution, and was mentally incompetent; and that the will and codicil were not the will and intent of Irving M. Hadley, for at the time of the purported execution thereof, he did not possess testamentary capacity because of the aforesaid mental infirmity.

On August 9, 1958, pursuant to rule 1.36 of the Florida rules of civil procedure, rule A of which said rules provides that the rules are applicable to all suits of a civil nature and all special statutory proceedings in the county judge's courts, Robert G. Jahelka, as executor of the estate of Irving M. Hadley, and the American Heart Association, National Tuberculosis Association, National

Foundation for Infantile Paralysis, Inc., Boy Scouts of America National Council, and American Cancer Society, Inc., as named beneficiaries under the last will and testament, filed their motions for a summary judgment upon the petition for revocation of probate, stating as their reason that the pleadings, affidavits and depositions on file affirmatively show that there exists no genuine issue of fact.

In Boyer v. Dye, 51 So. 2d 727, the Supreme Court of Florida said at page 728—"If [the rule] is to serve other than a mere motion for decree on the pleadings we must allow the chancellor to receive documentary and oral evidence and with such evidence pierce the shield of the pleadings in search of a genuine issue. * * * The rule is not limited in its application to pleadings filed in bad faith. It may be used to inquire into the qualitative substance of any pleading whether filed in good or bad faith."

In Johnson v. Studstill, 71 So. 2d 251, our Supreme Court quoted Judge Fahy of the Court of Appeals of the District of Columbia in Dewey v. Clark, 180 Fed. 2d 766, at page 772, wherein he summarizes the points to be considered in ruling on a motion for summary judgment, the last of which, (5), follows—"To support a summary judgment the situation must justify a directed verdict insofar as the facts are concerned."

In Neal v. Harrington, 31 So. 2d 391, the Supreme Court, quoting from Newman v. Smith, 82 So. 236, 241, said—"In the making of a will a 'sound mind' comprehends ability of the testator to mentally understand in a general way the nature and extent of the property to be disposed of, and the testator's relation to those who would naturally claim a substantial benefit from the will, as well as a general understanding of the practical effect of the will as executed." And further that—"the burden of proof in such cases as this is upon the contestant to establish the facts constituting the grounds upon which the probate of the purported will is opposed."

Many depositions and affidavits have been filed in support of the motions for a summary judgment and there are some counter affidavits and depositions by and for contestants. The sum total of these depositions and affidavits show that the testator suffered a stroke and a heart condition during the months of January and February 1956 from which he suffered a rapid deterioration both of his physical and mental capacities; that his marital relationship was incompatible resulting in a divorce; that he used alcoholic beverages to considerable excess and took quantities of strong

drugs; and that in February 1955, an inquisition of incompetency was filed against him, which resulted in a finding by the examining committee that he was not mentally incompetent at that time.

There are also opinions expressed by the two contestants and others, that testator was of unsound mind—but these opinions are not based upon facts shown to be existing at the time of the execution of the will and codicil.

It is also to be noted that his heart attack came after the will had been executed. There is no convincing evidence in the record to prove that Mr. Hadley was not of sound mind *at the time of the execution of the will*. The provisions of the codicil in no way adversely affect the interest of the contestants. On the other hand there is an abundance of proof to show that on October 19, 1955, the time of the execution of the will, the testator had the mental capacity to make it.

Mr. Justice Sebring said in In re Wilmott's Estate (Fla.), 66 So. 2d 465 at page 468—"Indeed, it is possible that a testator may have testamentary capacity even though it is proven that he was somewhat under the influence of drugs at the time he executes a will. The same is true where the ravages of disease combine with the effects of drugs. In such situations, as in all others, the question to be determined is solely that of the mental capacity of the testator at the time he executes the instrument."

In the opinion of the court, all facts in the record being admitted, there is no evidence upon which a judgment for the contestants could be justified or sustained.

The contestants have suggested that they will produce additional evidence at the trial, but it was their duty, at this time, to produce any evidence they might have to show a genuine issue if they would avoid a summary judgment against them. See National Airlines, Inc. v. Florida Equipment Co. of Miami (Fla.), 71 So. 2d 741.

The premises considered, it is the ruling of the court that no genuine issue of fact has been presented for trial. The motions for the entry of a summary judgment in favor of the validity of the will and codicil are granted. The petition to revoke the probate thereof is dismissed, with costs to be taxed against the contestants.