PER CURIAM.
Respondent has appealed from a final order entered by the county judge revoking the Last Will and Testament of Maggie Hudson Stewart on the sole ground that she lacked testamentary capacity to execute the will in question. The order appealed was entered after evidence was taken in support of and in opposition to the petition for revocation.
The principal contention made by appellant is that the trial court misapprehended the legal effect of the evidence adduced before it, and erroneously disregarded and rejected clear and positive proof that the testator possessed sufficient mental capacity to execute the will assaulted. We have carefully reviewed the record of this proceeding and are unable to agree with the contentions made by appellant. Although the evidence on the issue of testamentary capacity was conflicting, we find substantial competent evidence to sustain the findings and order of the trial court, and there is no basis in the record to support a conclusion on our part that he misinterpreted the legal effect of the evidence as a whole. Under these circumstances we are without authority to re-try the case on the facts or substitute our judgment for that of the county judge. See In re Eberhardt’s Estate, Fla.1952, 60 So.2d 271. The order appealed is accordingly affirmed.
WIGGINTON, Acting Chief Judge, and STURGIS and RAWLS, JJ., concur.