HORTON, Judge.
Appellant seeks review of an adverse final •order entitled “Order Re-establishing Altered Will.”
The appellant, an attorney at law, first met Douglas Deane in 1958, while working •on a case in which Deane testified as a witness. Deane operated a small nursery in Miami, Florida, in a building owned by Clara Wood. Both Deane and Miss Wood lived on the premises. In February, 1958, the appellee Gerald A. McKie and his wife became tenants of Clara Wood, occupying the upstairs portion of the building. Miss Wood died on May 25, 1959, and devised the property to Deane. McKie stayed on as Deane’s tenant. On May 30, 1959, at Deane’s request, the appellant called on him to discuss the legal aspects of the Wood estate. Subsequently, the appellant and Deane had similar discussions.
Deane became ill and asked the appellant to visit him at the hospital. On September 6, 1959, appellant went to the hospital where Deane occupied a room with one George E. Liebman. They discussed at some length the provisions of a will which Deane wished to have drawn. Appellant made notes of the conversation and returned to his home to prepare the will. On September 7, 1959, appellant returned to the hospital with a will. At this time, Liebman was being visited by his wife and son. Deane read and approved the will, neither suggesting nor making any changes. He then executed the will in the sight of Liebman and Lieb-man’s wife and son who signed as witnesses. Appellant took the will to his home for safekeeping.
Douglas Deane died on the morning of September 9, 1959. That evening, McKie and his wife went to the appellant’s home and were shown what the appellant asserted was Deane’s last will and testament. On September 11, 1959, McKie filed a caveat in the county judges’ court for the purpose of objecting to probate of this will. On October 23, 1959, the appellant, in an ex parte hearing before the county judge, offered and secured the admission to probate of a purported will of Douglas Deane. This will consisted of three typewritten pages. Pages one and two are reproduced below in pertinent part.[1]
*28 Page three contained only formal parts including the signature of the testator, the attestation clause, and the signatures of the subscribing witnesses.
On March 10, 1960, McKie filed a petition for the appointment of an administrator ad litem, restoration and re-establishment of the testator’s last will and testament and other relief. The petition alleged, inter alia, that pages one and three of the will admitted to probate were original pages of the testator’s will, but that page two was substituted for the original page two by the appellant after the death of the testator. On April 6, 1960, an administrator ad litem was appointed by the court, without objection by appellant. After a thorough investigation, the administrator filed a voluminous report of his actions in the premises. Included in the report were written statements, conversations held by the administrator with various persons, and the appellant’s original shorthand notes of the testator’s instructions as well as his typewritten transcript of these notes. On January 25, 1961, the court entered an order which, inter alia, ordered that a hearing be held in the matter, authorized and directed the administrator to file such petition as he might deem advisable, and granted leave to counsel for both parties to file additional pleadings. Subsequently, the administrator filed his petition. On the same day McKie filed an amendment to petition in which he adopted the petition of the administrator, incorporated by reference the administrator’s report, and alleged other facts purporting to show the spoliation of the testator’s will by appellant.
Ultimately the cause was tried and the court entered the order appealed which found the appellant guilty of spoliation and “restored and "re-established” the testator’s will by reconstructing paragraphs second and third of page two of the will offered for probate as follows:
“SECOND: I give and bequeath to .WILLIAM M. HURTENBACH the balance of all funds I have on deposit at the North Shore Hospital.
“THIRD: I give, devise and bequeath to my friend, GERALD Mc-KIE * * * all the residue and remainder of my property, real, mixed and personal.”
The balance of page two and all of pages one and three of the will as re-established remained essentially the same as in the will originally admitted to probate. The order also revoked probate of the spoliated will, admitted to probate the will as re-established, and removed the appellant as executor.
The appellant’s principal contention is that the appellees failed to sustain their burden and prove by a preponderance of the evidence that the appellant was guilty of spoliation. We find this contention to be without merit.
Generally, in proceedings contesting the validity of a purported will, whether before or after such will is admitted to probate, the burden of proof, in the first instance, is upon the proponent to establish, prima facie, the formal execution and attestation thereof. The proponent having sustained this burden, the burden of proof shifts to the contestant to establish by a preponderance of the evidence the facts constituting the grounds upon which probate is opposed or revocation thereof is sought. Section 732.31, Fla.Stat., F.S.A.; Neal v. Harrington, 159 Fla. 381, 31 So.2d 391; Barry v. Walker, 103 Fla. 533, 137 So. 711. *29 However, where it is shown that the provisions of a purported will run counter to the natural affection of the testator or to his long expressed purpose, the burden shifts to the proponent to dispel these inherent improbabilities and prove by a preponderance of the evidence that the purported will is in fact the will of the testator freely and voluntarily executed. Watts v. Newport, 149 Fla. 181, 6 So.2d 829.
In the instant case the appellees produced sufficient evidence, both documentary and by testification,[2] to demonstrate that the provisions of the purported will ran counter to the testator’s long expressed purpose. At this time the burden shifted to the appellant to demonstrate that the will offered for probate was in fact the will of Douglas Deane freely and voluntarily executed. The probate judge concluded that the appellant had not sustained this burden and found that, as a matter of law, the appellant was guilty of spoliation. We will not disturb his .findings and conclusions since they are supported by substantial, competent evidence. Neither do we find that the probate judge misinterpreted the legal effect of the evidence as a whole. In re Stewart’s Estate, Fla.App.1962, 137 So.2d 614; Williams v. Kane, Fla.1956, 88 So.2d 599; In re Kiggins’ Estate, Fla.1953, 67 So.2d 915.
The appellant also contends that the probate judge was without authority to restore and re-establish the will. We disagree.
In support of this contention, appellant cites us to cases which, he urges, hold that: judicial construction of a will is precluded where the portion sought to be construed is plain in its meaning, and a court will not entertain a proceeding to construe a testamentary instrument, the terms of which are clear and unmistakable;[3] and that a court may not, under the guise of construction, make a will, or attempt to improve on the will which the testator has made, or produce a distribution which the court might think more equitable.[4] While we do not disagree with the principles enunciated in these cases,, we conclude that they are inapplicable to-the facts in the case at bar. The probate judge did not construe a valid will; he-restored and re-established a spoliated will. This he had the authority to do under the-aegis of § 732.27, Fla.Stat., F.S.A.
The appellant contends it was error to admit testimony relative to the declarations of the testator to establish the contents of the will, and that there was insufficient evidence upon which to predicate-a reconstruction of its terms. These contentions likewise are without merit.
The statutes upon the subject of lost or spoliated wills are generally designed' to assure that, within the limits of safety, the spoliator of a will will gain nothing" from his wrongful act. See Page on Wills, Bowe-Parker Revision, Vol. 3, § 29.161.. If the existence and due execution of a. lost or spoliated will have been proved, and the presumption of revocation rebutted, the-question of the contents of the will becomes-material. A majority of jurisdictions allow admission of the declarations of the testator to establish the contents, and these may be-sufficient, in connection with other evidence,, to establish the contents of the will. SeePage on Wills, supra, § 29.162, and numer *30 ous cases cited therein. See also Atkinson on Wills, 2 Ed., § 97, p. 511; Thompson on Wills, 3 Ed., § 205, p. 313.
Since we see no reason why this rule should not be adopted in this jurisdiction, we hold that the probate judge properly admitted testimony relative to the declarations of the testator, and that this, in connection with the other evidence contained in the record, was sufficient to establish the contents of the will as reconstructed.
We have examined the appellant’s remaining contentions and find them to be without merit. Accordingly, the order appealed is affirmed.
Affirmed.
CARROLL, J., dissents.

.
[Page one] “ARTICLE I.”
******
“ARTICLE II.”
******
“ARTICLE III.
"I hereby nominate, designate and appoint as my Executor, William M. Hur-tenbaeh of 2567 S.W. 3rd St., Miami, Florida, and it is my request that said Executor shall not be required to provide bond, nor be compelled to give an accounting of my estate to the Court or any duly constituted authority.
“ARTICLE IV.
“It is my further desire and request, and I hereby confer upon my Executor, particularly and specifically, full authority and power to sell such assets or [Page two] benefits of which my estate is or shall become seized and possessed, and in the judgment of my Executor it is deemed necessary to provide cash or funds to carry out my devises and bequests, and all other expenses connected with the settlement of my estate.
“ARTICLE V.
“After payment of my just debts, funeral expenses and costs of administration, I authorize and direct my Executor to pay such expenses out of my estate, and thereafter to make the following distribution, to wit:
“FIRST: I give and bequeath to my friend, GERALD McKIE of 2155 N.W. 55th Street, Miami, Florida, all my real property of whatsoever nature and wheresoever located, having more particularly in mind the residence and lot in and upon which he and his family reside, because of our friendship and his ability and capability for taking charge of said property; together with furniture and fixtures.
“SECOND: I give and bequeath to said GERALD McKIE, all deposits or funds payable to me in the IXORA (Champeon) checking account at the Hialeah-Miami Springs Bank in Hialeah, Florida.
“THIRD: I give and bequeath to my Executor herein, William M. Hurten-bach, all deposits or funds payable to *28 me in my personal account at the Hialeah-Miami Springs Bank at Hialeah, Florida.
“FOURTH: I further direct that in the event any person named in this Will shall bring suit or other proceeding to contest or set aside this Will, then in such event, any and all gifts and bequests herein set forth to such person or persons, shall be cancelled and of no force and effect, and his or her share so given or bequeathed shall become a part of my residuary estate.”

.Declarations of a testator relative to the disposition he intends to make of his estate are admissible to establish the fact that a purported will is in conflict with the fixed purposes and intentions of the testator as previously expressed by him. In re Burton’s Estate, Fla.1950, 45 So.2d 873. Thus the appellant’s contention that it was error to admit testimony relative to such declarations for this purpose is without merit.

. Johns v. Townsend, 160 Fla. 213, 34 So.2d 565; Allen v. Fisher, 138 Fla. 757, 190 So. 264.

. Filkins v. Gurney, Fla.App.1959, 108 So.2d 57; Pancoast v. Pancoast, Fla.App.1957, 97 So.2d 875; Mosgrove v. Mach, 133 Fla. 459, 182 So. 786; Murphy v. Murphy, 125 Fla. 855, 170 So. 856; Goertner v. Gardiner, 125 Fla. 477, 170 So. 112; Rewis v. Rewis, 79 Fla. 126, 84 So. 93.