SHANNON, Acting Chief Judge.
The appellant, The Florida Heart Association, Inc., a Florida Corporation, brings this appeal against Nevie C Frazier; Board of Public Instruction of Glades County; and The First National Bank in Fort Myers, Florida, a National Banking Corporation, seeking to set aside a final judgment denying the probate of the Will of Ella J. Tobias.
The deceased, Ella J. Tobias, died on May 28, 1964, leaving a Will dated June 28, 1957, and was survived by one daughter, Nevie C. Frazier, appellee herein. According to the testimony, the deceased and her daughter were very close and Nevie had worked hard in her mother’s store for some years prior to the mother’s death and had gone to the attorney’s office on different occasions when her mother was giving instructions as to drafting her Will. At the deceased’s death she left an estate of more than $50,000.00 and had told several persons that it was her wish that her daughter, Nevie, have her estate for her life and after that, that it be divided between the “Heart Fund” and the local “Negro School.” She contacted an attorney to draft a Will in accordance with her wishes and Nevie accompanied her to this attorney’s office, although there is a con *85 flict in the testimony as to the daughter’s ■knowledge of the provisions of the Will and as to whether or not she remained in the outer office while her mother was with the attorney. First a draft of the Will was sent to the deceased by her attorney and then two days later he requested her to come back to his office to execute ■the final draft of the Will. At this time he had a conference with the deceased for about twenty to. thirty-five minutes and the Will was executed according to the dictates of law. Mrs. Tobias then took the Will back to the grocery store, placed it in a safe, and it remained there until her ■death several years laten
It appears that the Will left $5,000.00 io her daughter, Nevie C. Frazier, $5,000.00 to The Florida Heart Association, Inc., and the remainder was left in trust for the 'Glades County Board of Public Instruction for the betterment of the Negro school in the community, naming The First National Bank in Fort Myers, Florida, as trustee.
The testator was an illiterate person, but had had the Will in her possession for several years prior to her death. The county judge held that there was no testimony that the Will was ever read or explained to the testator and hence the purported Will was, by him, declared to be 'null and void. It was this order that was 'appealed.
The basis for the lower'court’s order holding the Will invalid was the authority in In re Deane’s Estate, Fla.App.1963, 153 So.2d 26, which held that the proponent of a Will had an additional burden of showing that the Will did not run counter to the natural affection of the testator and a showing that this was his Will, freely and voluntarily executed. The lower court, in its order, impliedly held that the 'testimony was not sufficient to meet this burden and that the Will' was invalid.
On appeal the appellant posed the following questions: a) Did the lower court err in applying the doctrine set out in In re Deane’s Estate, Fla.App.1963, 153 So.2d 26 ? b) Are the findings of the lower court contrary -to the weight of the evidence? c) Did the lower court misinterpret the legal effect of the evidence in its entirety, and are its findings nonconforming with general principles of law?
The lower court based its order denying probate upon In re Deane’s Estate, supra, wherein it is stated:
“Generally, in proceedings contesting the validity of a purported will, whether before or after such will is admitted to probate, the burden of proof, in the first instance, is upon the proponent to establish prima facie, the formal execution and attestation thereof. The proponent having sustained this burden, the burden of proof shifts to the contestant to establish by a preponderance of the evidence the facts constituting the grounds upon which probate is opposed or revocation thereof is sought. Section 732.31, Fla.Stat, F.S.A.; Neal v. Harrington, 159 Fla. 381, 31 So.2d 391; Barry v. Walker, 103 Fla. 533, 137 So. 711. However;" where it is shown that the provisions of a purported will run counter to the natural affection of the testator or to his long expressed purpose, the burden shifts to the proponent to dispel these .inherent improbabilities and prove by a preponderance of the evidence that the purported will is in fact the will of the testator freely and voluntarily executed. Watts v. Newport, 149 Fla. 181, 6 So.2d 829.”
In reading the testimony, it is manifestly clear that the testatrix here mentally understood the nature and extent of her. property, and, from the record, all the witnesses admitted that she was aware in this sense. It 'is also clear that she at least had a general understanding of the practical effect, of the Will. It is also shown that the proponent of the Will satisfied statutory requisites which set out the formalities necessary for the execution of a *86 Will. It is with the provisions of'the Will that we are primarily concerned. The lower court held that the provisions ran counter to the natural affection of the testatrix and to her long expressed purpose, and that the burden therefore shifted to appellant herein to dispel those inherent probabilities and prove by a preponderance of the evidence that the purported Will was in fact the Will that the testatrix freely and voluntarily executed. The facts in this case do not support the findings of the lower court as is exemplified by the Deane’s Estate case, supra. As stated in Redfearn, Wills and Administration of Estates in Florida, 3d Ed., Sec. 42:
“Under Florida law, any person of sound mind may make any testamentary disposition of his property which is not inconsistent with the laws or contrary to the policies of the state. This freedom in making a will permits a testator to make an unreasonable or unjust disposition of his property; yet, as long as he possesses testamentary capacity and makes his will freely and voluntarily, it is valid. The unreasonableness of the terms of a will can not be considered in determining its validity except in connection with some legal attack on the will, as for fraud, undue influence, or lack of testamentary capacity. Consequently, a contest of a will filed merely on the ground that the will is unreasonable and unjust would not be sustained. * * *»
It is clear that the attorney prepared the Will according to the instructions of the deceased, as is manifested by the attorney’s testimony, as follows:
“Q. You can definitely say that the terms of the Will as discussed in your initial conference were the same, that the Will was prepared specifically according to her instructions as given to you in the first conference?
“A. Yes, sir.; that is correct.”
' The testimony of the attorney who prepared the Will for the deceased is discussed in appellant’s brief as follows:
“Therefore, it is clear that Mr. Owen-not only discussed the Will and understood the desires of the Testatrix, but that he prepared it specifically according to her instructions, and that she executed that same Will. He was able to definitely state that the Will was so drawn.. And since this testimony is undisputed,, it must be taken as true. Therefore,, the lower court patently erred in finding as it did. * * * ”
Throughout the record it is shown-that the Will was in accordance with the wishes of the testatrix, and the record does, not show that she intended to devise her estate in any other fashion, but that the-Will disposed of her property as she intended.
Reversed.
PIERCE, J., concurs.
MAXWELL, OLIVER, C., Associate-Judge, dissents with opinion.