PEARSON, Chief Judge.
This is an interlocutory appeal by a former wife from an order denying her petition for increase in alimony payments. The parties were divorced in 1960. In the final decree the appellee husband was ordered to pay to the appellant $150 per week as alimony and $100 per week as child support for the parties’ two minor children. Because of a change in the health of the appellee and consequent reduction in his *279 earning capacity, the amount of alimony was twice reduced. Appellee currently pays $80 weekly alimony, $15 a week for the daughter, who is in college and whom he is supporting there, and $40 a week for the son, whose hoarding school expenses the appellee is also paying. The un-controverted evidence before the trial court shows that appellee’s current income substantially equals his income at the time of the divorce. No reduction in the needs of the wife was shown.
The record reveals that on the day immediately prior to the hearing on appellant’s petition, the appellee placed the minor son of the parties in a boarding school without previous consultation with the appellant mother. Nevertheless, she did not object and stated in the record that she thought attendance at the school was in the boy’s best interest.
We are not unmindful of the rule that an appellate court will not ordinarily substitute its jtidgment for that of the trial, court when the trial court’s judgment is based upon controverted evidence. See, e. g., Neal v. Harrington, 159 Fla. 381, 31 So.2d 391 (1947). In addition we acknowledge that this rule is especially applicable in cases regarding the amount of alimony. It is our conclusion that this cause does not fall within the purview of that rule, since the evidence concerning the husband’s current income was uncontroverted. Cf. Duncanson v. Service First, Inc., Fla.App.1963, 157 So.2d 696, 699.
The order appealed must be reversed and the cause remanded to the trial judge with directions to conduct a new hearing upon appellant’s petition. After the hearing the court shall enter an order granting the appellant an increase in alimony commensurate with her needs and with the appellee’s ability to pay. In addition the trial judge shall, if he sees fit, modify the award of support for the son, who is in boarding school.
Reversed and remanded.