SHIVERS, Judge.
Appellants Co-Personal Representatives appeal a final judgment of dismissal of appellants’ petition for construction of a Will.
Co-Personal Representatives requested construction of Item Sixth of the Will which provides as follows:
“I give, devise and bequeath to EUNICE WATERS GRIGGS a life estate for and during the full term and period of her natural life in and to the land located on the North side of Northeast First Street in the City of Lake Butler, Union County, Florida, upon which she now has her mobile home located; said lot being approximately 109 feet East and West and said lot lying immediately East of the property formerly sold by me to Ralph and Charlene Johnson. Said life estate shall terminate upon the death of the said EUNICE WATERS GRIGGS, or in the event that she abandons said property and does not use the same for the purpose of making her home thereon, whichever shall first occur.”
Item Seventh of the Will devises all of decedent’s real property in fee simple to Michael Clyde Douglass, subject only to the life estate in Griggs as set forth above.
*1098 The Petition for Construction of Will alleges that as of the date of death,.decedent owned no interest in realty located on North side of Northeast First Street in Lake Butler; that the property decedent had sold to Ralph and Charlene Johnson is located on the South side of Northeast First Street in Lake Butler; that both at the date of execution of Will and date of death, the decedent owned real property on the South side of Northeast First Street in Lake Butler on which Griggs had her mobile home, which is immediately East of the real property decedent sold to Ralph and Charlene Johnson, and which measured 109 feet East to West and 100 feet North to South. It is also alleged in the Petition for Construction of Will that there is a residential rental building on said property in addition to Griggs’ mobile home.
The Petition for Construction of Will alleges that a latent ambiguity exists in Item Sixth of the Will as to whether the property specifically devised in said Item Sixth includes only the real estate precisely upon which Griggs’ mobile home is situate, with right of access thereto, or in the alternative, whether the devise includes the entire lot upon which the mobile home is situate and upon which the residential rental structure is situate.
The Motion to Dismiss Petition for Construction of Will filed by Griggs alleges that the only discrepancy in description relates to the location of the property and not the quantity and that the description is legally sufficient.
The Final Judgment of Dismissal of Petition for Construction of Will provides in material part:
“No justiciable issue is raised by the Petition for Construction of Will before the Court which would involve a construction of the Will of Clyde Underwood Crews.”
No other finding of fact is made by the Court.
When a personal representative is in doubt as to a testator’s intent, if the language used does not clearly and definitely express or convey the testator’s intent, the personal representative has a right to judicial construction. Expeditious judicial construction of wills facilitates the orderly and timely administration of estates.
Judicial construction of a will is precluded where the meaning is plain and unmistakable. Johns v. Townsend (1948), 160 Fla. 213, 34 So.2d 565; Allen v. Fisher (1939), 138 Fla. 757, 190 So. 264.
Where the construction of a will is doubtful, it is the duty of a personal representative to apply to the courts for a construction thereof. 96 C.J.S. Wills 1083, page 759.
In order to assist personal representatives in their duties, a court may refuse judicial construction of a will only when the intent is so crystal clear that it is unmistakable on the face of the will. In this case, the testator’s intent is not so clear that judicial construction is precluded.
We reverse and remand.
MILLS, C. J., concurs.
ROBERT P. SMITH, Jr., J., dissents without opinion.