PATTERSON, Judge.
This appeal arises from an order of the trial court construing the Last Will and Testament of John Robert Vaughn, deceased (the Will), to exclude his sister, Eliza Futrell, from the class of persons eligible to receive the bequest of his residence. We reverse.
On December 30, 1987, Vaughn duly executed his Will, the pertinent provisions to this appeal being:
ARTICLE III
SPECIFIC DEVISES
3.1 I bequeath and devise the foregoing to my children and grandson named below, and the share of any child or grandchild who predeceases me leaving children shall be paid and distributed to that deceased child’s or grandchild’s children who survive me, share and share alike, the following:
3.11 To my daughter, BETTY JEAN JONES, the sum of ten dollars ($10.00).
3.12 To my sons, JACK ROBERT VAUGHN, JERRELL VAUGHN and RICHARD TRUMAN VAUGHN, all of Fort Meade, Florida, a one third (⅛) interest in my “river property”, located in Fort Meade, Florida, and which is further described as:
[legal description omitted]
3.13 To my son, JACK ROBERT VAUGHN, my house and property located at 115 Northeast Lanier, in Fort Meade, Florida, which is also known as the “Baggett House”, and is further described as follows:
[legal description omitted]
3.14 To my son, JERRELL VAUGHN, my house and property located at 814 Perry Street, in Fort Meade, Florida, which is also known as the “Dixon House”, and is further described as follows:
[legal description omitted]
3.15 To my son, RICHARD TRUMAN VAUGHN, my house and property located at 805 South Poplar Avenue, in Fort Meade, Florida, which is also known as the “Wyser House”, and is further described as follows:
*69 [legal description omitted]
3.16 To my grandson, JACK ROBERT VAUGHN, JR., of Fort Meade, Florida, my house and property located on Walnut Street, in Fort Meade, Florida, which is also known as the “Williams House”, and is further described as follows:
[legal description omitted]
3.17- I bequeath and devise the home in which I live, together with the property and furnishings located at 100 South Oak, in Fort Meade, Florida, to whomever of my relatives is living with me at the time of my death.[1]
[[Image here]]
ARTICLE VII
MISCELLANEOUS
The following provisions shall govern for all purposes of this Will, wherever they may be applicable:
[[Image here]]
7.2 All headings and captions contained in this Will have been included for the convenience of reference only, shall not be construed as part of this Will and in no way be construed as defining, limiting or effecting the scope or intent of the provisions of this Will.
It is undisputed that in September of 1988 Mrs. Futrell and her husband, at the request of Vaughn, moved into Vaughn’s residence in Ft. Meade. They resided there and cared for Vaughn until his death in December of 1988.
The probate of Vaughn’s estate commenced on July 18, 1989. On October 18, 1989, Mrs. Futrell brought a petition to determine beneficiaries asserting her right to inherit Vaughn’s residence pursuant to paragraph 3.17 of the Will. It is not disputed that Mrs. Futrell is a “relative” of Vaughn. Personal representative Richard Truman Vaughn, one of Vaughn’s sons, contended, however, that paragraph 3.1 limited all bequests contained in Article III to Vaughn’s children and grandchildren; therefore, Mrs. Futrell was not within the class of relatives eligible to inherit the property. After an evidentiary hearing, the trial judge agreed with the personal representative’s position.
Our first conclusion is that an evidentiary hearing was not necessary to interpret this Will. When the meaning of a Will is plain and unmistakable, judicial construction is not appropriate. Douglass v. Griggs, 374 So.2d 1097 (Fla. 1st DCA 1979). In fact, counsel for the parties in their opening statements each asserted that the Will was clear and unambiguous. We agree.
A plain reading of the document reveals that Article III contains two bequests. The first appears in paragraph 3.1 and is a bequest of real property to Vaughn’s children and grandson. Each of the following paragraphs are indented in the form of subparagraphs and each is limited to a devise of a specific parcel of real property to a named child or grandchild. The word “bequeath” appears in none of these sub-paragraphs, and is unnecessary because it appears in the primary paragraph, 3.1. The intent of the testator to provide for his children and grandchildren in this single sub-categorized bequest is clear.
The word bequeath next appears in paragraph 3.17 wherein Vaughn devises his residence to “whomever of my relatives is living with me at the time of my death.” It would be difficult to make this language any plainer. Mrs. Futrell, being Vaughn’s sister by blood, is Vaughn’s relative under any accepted definition of the term and “whomever” is a word so self-explanatory that it requires no further definition. The fact that paragraph 3.17 follows paragraph 3.1 is not relevant.
Article VII of the Will makes it clear that headings and captions are not part of the Will and shall not influence the intent of the provisions of the Will. Thus, the numbers before each of the paragraphs are *70 included for reference only. The Will must be considered in its entirety and interpreted to effectuate the testator’s testamentary scheme. In re Parker’s Estate, 110 So.2d 498 (Fla. 1st DCA), cert. denied, 114 So.2d 3 (Fla.1959). It is unmistakably clear that Vaughn intended to provide for each of his children and his grandson specifically, and then to reward whomever of his relatives who provided him aid and comfort in his waning days. It was therefore error to interpret this Will in such a manner as to frustrate Vaughn’s obvious intent.
Reversed and remanded.
SCHOONOVER, C.J., concurs.
HALL, J., dissents with opinion.

. Notwithstanding the numbering sequence, these paragraphs constitute the entirety of Arti-ele III.