**ELIZABETH JOHNS, et al., v. F. M. TOWNSEND, et al.**

34 So. (2nd) 565                           January Term, 1948
February 27, 1948                          Special Division B
Rehearing April 22, 1948

*Brannon & Brown, T. J. Swanson* and *Hal Y. Maines,* for appellants.

*Walton & Walton,* for appellees.

WISEHEART, Associate Justice:

This appeal is from a final judgment dismissing a bill for declaratory decree on the grounds that said bill is vexatious and presents no justiciable issue. The bill alleges that ap-

pellants are in doubt as to the true construction of the will and codicils, especially the following paragraphs of the will. dated December 7, 1943, concerning the termination of the trust, to wit:

" 'FIFTH (4). The trust herein created shall terminate and be determined upon the death of my beloved wife, Lola M. Townsend, or of my son, F. M. Townsend, or of my son, W. C. Townsend, or of my daughter, Elizabeth Johns, or of my daughter, Christeen Warren, or of my daughter, Winnie L. Platt, whichever shall last occur.'

" 'SIXTH. Upon the termination of the trust, herein above created, the corpus of the trust fund, if any then remain, shall vest in and be distributed per stirpes among my lineal descendants then in being, i. e. the then surviving issue of deceased children shall take their deceased parent's share by right of representation.' "—and the following paragraph in the first codicil dated April 18, 1944, to wit:

" 'SIXTH. I ratify and confirm the devise of my said last will and testament "SIXTH" in all respects, except that it is my will and I direct that, upon the termination of the trust fund as herein provided, my granddaughter Viola Patterson, or the heirs of her body then surviving her, take such share as she or they would take if she were my daughter rather than my granddaughter'."

"The necessity that a construction be made contrary to the allegation of the petition will not require the dismissal thereof. The judge of the lower court found, however, "that the date of the termination of the trust created in the will is as plain as the English Language can make it and for this reason is not subject to judicial construction."

In this we cannot say that he committed error.

The judgment of the lower court is therefore—

Affirmed.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.