DREW, Justice.
Fred and Mary-Washington, appellants, borrowed $8,700 from Wayco, Inc., a Florida corporation, to construct a building on certain lands owned by them. To secure the payment of said loan, they executed a mortgage on three lots in Lincolnton, a sub-division of Duval County. When they executed the mortgage and the note evidencing the debt, they also executed an agreement authorizing a Mr. Edward Dwelle, Jr., a realtor who acted as their agent in procuring the loan, to disburse said amounts to one W. S. Harris, the contractor, in two installments of equal amount. The first installment was to be paid when the work was two-thirds completed and the remainder when it was finished.
Before completion, Harris defaulted and absconded, leaving a large number of unpaid . bills. Fred and Mary Washington requested a statement frrom Wayco, Inc., as to all disbursements that had been made and the balance remaining to their credit. Wayco, Inc., advised them that there was still a balance due them of $4,076.42. Upon receipt of this information, Fred and Mary Washington, with the assistance of Dwelle and Wayco, Inc., worked out the problems with the creditors by paying them $2,076.-42 in cash (received from Wayco, Inc.) and executing a second mortgage to a trustee for $1,985.45. They arranged with another contractor to finish the construction for the' $2,000 remaining in the hands of Wayco, Inc.
Some time after the transactions were worked out and settlements reached and the papers executed, Wayco, Inc., discovered that it had failed to take into account a disbursement of $1,026.42 made to Harris, the original contractor, but disbursed by check made jointly to said Harris and Fred and Mary Washington. It requested Fred and Mary Washington to refund said amount, but they refused to do so contending that had they known of the payment at the time, they would have never entered into the arrangements and paid the creditors to the extent and in the manner that they did.
Some time after the Washingtons had refused to make said payment to Wayco, Inc., it assigned its note and mortgage to Independent Realty Company, a corporation. Independent Realty Company, the appellee here, instituted this suit for declaratory decree against Fred and Mary Washington and various persons and corporations. who had furnished materials, the payment for which had been secured by the second mortgage above referred to. The complaint for declaratory decree set forth the facts generally delineated here-inabove and prayed that the rights, responsibilities, liabilities and obligations of the parties be declared and that plaintiff, Independent Realty Company, be decreed to have a lien on the property of Fred and Mary Washington in an amount equal to the overpayment made by Wayco, Inc. and that plaintiff be further awarded reasonable attorneys’ fees for its solicitor.
The only allegation in the complaint with reference to the power of the plaintiff to enforce the obligation to Wayco, Inc., is the assertion that the mortgage and note had been assigned to the plaintiff and “plaintiff has assumed all the rights and interest in and arising from said mortgage and the several transactions hereinabove described and stands ready to assume and discharge in full any responsibility or liability which the said Wayco, Inc., might have had or now has by reason of the facts hereinabove set forth.” The assignment is referred to by book and page but is not made an exhibit to the complaint.
Fred and Mary Washington moved to dismiss the complaint as did the other defendants. Among the reasons assigned by Fred and Mary Washington was that it affirmatively appeared from the complaint that the plaintiff, Independent Realty Company, has no immunity, power, privi *615 lege or right to he adjudicated in the cause and on the further ground, among others, that Wayco, Inc., a corporation, is a necessary and essential party to the action.
Before the entry of the final decree now being reviewed, all of the original lien-holders whose claims were later secured by the second mortgage on stipulation of the parties were dismissed from the cause and it proceeded solely between the Independent Realty Company as plaintiff and Fred and Mary Washington as defendants. It is pertinent to observe that the stipulation providing for such dismissal as well as the order of dismissal was without prejudice to any of the rights of the remaining parties to the cause to wit: Independent Realty Company or Fred and Mary Washington.
After the dismissal aforesaid, a motion was made by the plaintiff for the entry of a summary decree supported by an affidavit of one Edward Dwelle, Jr. (the agent who procured the loan from Wayco for the Washingtons) to the effect that the facts in the complaint were true. The capacity in which the affiant gives the affidavit is not stated. The defendants Fred and Mary Washington filed a long affidavit stating detailed facts in opposition to the motion. The trial court granted the motion and entered a summary final decree in which he overruled the motion of the defendants to dismiss and declared that the plaintiff Independent Realty Company had a lien for the total amount due on the overpayment by Wayco, Inc., against two of the three lots encumbered by the original mortgage. The homestead portion apparently was not charged with the lien.
We must hold the trial court in error in entering the final decree for two principal reasons. The claim set forth in the complaint was one in favor of Wayco, Inc., and not in favor of Independent Realty Company. The only legal interest of Independent Realty Company established by the complaint or exhibits was its ownership of the first mortgage and the note secured by it. The quoted assertion from the complaint of the assumption by the plaintiff of the rights and obligations of Wayco is without any legal efficacy. Independent does not allege it is the owner of the claim arising from the overpayment nor that the same had ever been assigned to it. There is nothing in this record to establish such fact, such as an assignment or any transfer of said obligation to Independent Realty Company sufficient to protect Fred and Mary Washington in the event they were later sued by Wayco on the same cause of action. For this reason, it is obvious that Independent Realty Company has no standing to maintain this suit for declaratory decree against the Washingtons. It simply has no cause of action nor any legal claim against the defendants. For this reason, the motion to dismiss the complaint should have been sustained.
Even if it could be inferred from the allegations of the complaint that the claim of Wayco was lawfully vested in Independent Realty, the court below was without authority to enter the decree it did enter after the cause had been dismissed as to the other defendants. At the time of the entry of the decree, the cause stood as an action between the Independent Realty Company and Fred and Mary Washington and the subject of the action was an overpayment made to the defendants. There was no doubt or uncertainty as to the amount of the overpayment or the fact that there was an overpayment. There was nothing at that point in the proceedings to declare, or doubt or uncertainty to resolve, of the character that would form the basis for a declaratory decree. At that point it did not present a cause within the spirit or letter of the declaratory judgment statute. None of the elements necessary for the entry of a declaratory *616 decree as set forth by this Court in numerous decisions, but particularly delineated in May v. Holley, Fla.1952, 59 So.2d 636, were present.
For the reasons stated herein, the summary final decree is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.
TERRELL, C. J., and HOBSON, THORNAL and O’CONNELL, JJ., concur.