BARKDULL, Chief Judge.
The appellant instituted an action seeking a declaration of rights in reference to a certain trust between it and the appellee, John Joseph Blake. While the matter was pending before the chancellor, an application was made to dissolve the trust, which the chancellor did in and by the terms of the final decree here under review and, in lieu of the original trust, endeavored to enforce a subsequent agreement between certain of the appellees.
The principal point relied on by the appellant for reversal is that the chancellor erred in terminating an irrevocable inter vivos trust, when all the beneficiaries were not parties to the proceedings and did not consent to the termination.
The facts giving rise to this litigation are as follows: In 1954 the appellee, John Joseph Blake, was married to the appellee, Margaret G. Blake, at which time they had three living children, the appellees, Charlene Helen Blake, Charles Christopher Blake, and Marilyn Kathryn Blake. At this time the parties had had financial and marital difficulties and, in an effort to create a spendthrift trust, the appellee, John Joseph Blake, as settlor, entered into a trust indenture naming the appellant as trustee and creating two trusts.[1]
*799 Thereafter, in 1958, the appellee, John Joseph Blake, and the appellee, Margaret G. Blake, entered into a settlement agreement in contemplation of divorce, and provided therein that the income derived by the appellee, Margaret G. Blake, from the 1954 trust would be used in lieu of alimony or support payments to the minor children, Charlene Helen Blake, Charles Christopher Blake and Marilyn Kathryn Blake. A final decree of divorce was entered in favor of the appellee, Margaret G. Blake, against John Joseph Blake, which incorporated by reference the settlement agreement.
Subsequent to the dissolution of this marriage, John Joseph Blake remarried, which union was of short duration. Following the termination of the second marriage, John Joseph Blake married for the third time, which marriage was still in existence at the time of the final hearing in this matter, and the third wife is referred to as Norma W. Blake. At the time of the final hearing in this cause, of this third union there was bora a child, a son, to wit: John Joseph Blake, Jr.
Certain demands were made on the appellant, as trustee, to disperse sums of money which resulted in the appellant, as plaintiff, filing its complaint for declaratory decree, etc., seeking a construction of the trust indenture and praying that “guardians ad litem be appointed to represent the minor beneficiaries”.
During the pendency of the declaratory decree action, the appellees, John Joseph Blake and Margaret G. Blake, entered into what was styled a “Modified Settlement Agreement” in their original divorce proceedings, which agreement substantially altered the sums of money that would be paid to the appellee, Margaret G. Blake, as-alimony and support for the three minor appellees, Charlene Helen Blake, Charles-Christopher Blake and Marilyn Kathryn Blake. In and by the terms of the final' decree in this cause, the chancellor has-ordered the parties to comply with the provisions of this modified settlement agreement, which had been entered into and approved in the divorce proceedings.
At the time of the final hearing in this matter, the decision of this court rendered' in First National Bank of Miami v. Kerness, Fla.App.1962, 142 So.2d 777, had not been released. It is,apparent that, in light of this decision and the cases cited therein and principles announced, the chancellor erred1 in terminating the trust involved when, among other deficiencies, all the beneficiaries were not parties to the proceedings. As indicated above, at the time of the filing of the complaint, the appellant sought the appointment of guardians ad litem for the minor children involved. A guardian was appointed by the County Judge’s Court in-Hillsborough County for the minor appel-lees, Charlene Helen Blake, Charles Christopher Blake and Marilyn Kathryn Blake, and an answer was ultimately filed and a consent to the dissolution of the trust by this guardian on behalf of these named beneficiaries. However, no guardian ad litem was appointed to represent the interests of the heirs or legatees of said children, *800 who are contingent beneficiaries under the terms of the trust.[2]
No guardian ad litem was appointed for the minor son, John Joseph Blake, Jr., [the issue of the third marriage of the appellee, John Joseph Blake] although the chancellor attempted to and did divest said minor of any interest in and to the benefits to be derived from the trust agreement, when the language of the trust indenture was certainly subject to a construction that he was within the class of beneficiaries named therein.[3] The chancellor did permit the said John Joseph Blake, Jr., to intervene through an alleged “next friend” in the cause as a defendant, who filed an answer, objecting to any dissolution of the trust, and upon final hearing Norma W. Blake, on behalf of her son, indicated it was immaterial to her as to whether or not the trust was dissolved.
 John Joseph Blake and Norma W. Blake are the natural guardians of the aforesaid minor. See: § 744.13, Fla.Stat., F.S.A. It is apparent that the interests of the minor and John Joseph Blake are adverse and, under the circumstances of the marital relationship, the interests of Norma W. Blake would also appear to be adverse to the minor. Therefore, pursuant to the provisions of § 744.12, Fla.Stat., F.S.A., plus the failure of a judicial finding that the infant was protected without a guardian [See: Brown v. Ripley, Fla.App. 1960, 119 So.2d 712] a guardian ad litem should have been appointed for John Joseph Blake, Jr. We therefore hold that the chancellor erred in terminating the trust without all parties being before the court, to wit: a representative of any unborn child of the appellees, Charlene Helen Blake, Charles Christopher Blake and Marilyn Kathryn Blake, and a legal representative for the after-born son of the appellee, John Joseph Blake, to wit: John Joseph Blake, Jr. This opinion is not to be construed as determining at this time whether or not John Joseph Blake, Jr., is within the class of beneficiaries entitled to participate in the trust. This is a matter to be initially determined in the trial court upon an appropriate adversary proceeding, at which time it will be subject to judicial review.
Undoubtedly, the chancellor may have been motivated in terminating this trust and approving the subsequent modified settlement agreement entered into by and between the appellee, John Joseph Blake, and his former wife, the appellee, Margaret G. Blake, because it would permit more immediate funds to be used for the benefit of Margaret G. Blake and the three minor appellees, Charlene Helen Blake, Charles Christopher Blake, and Marilyn Kathryn Blake. However, it appears that this purpose could just as readily be acomplished under the provisions of Items II and III of the trust indenture.[4]
Therefore, so much of the final decree here under review, which terminated and *801 dissolved the trust created in June, 1954, be and the same is hereby reversed and the cause is remanded to the chancellor for further proceedings not inconsistent with the views expressed herein.
Reversed and remanded.

. “INDENTURE OF TRUST. THIS INDENTURE OP TRUST made between JOHN JOSEPH BLAKE, of Miami, Florida, hereinafter called the ‘Settlor’, and THE FLORIDA NATIONAL BANK AND TRUST COMPANY at MIAMI, FLORIDA, as Trustee, hereinafter called the ‘Trustee’, * * *.
“ITEM I. The corpus herewith deposited and all future additions thereto, with the exception of the residence of *799 the Settlor and his wife, MARGARET G. BLAKE, shall be divided by the Trustee into two (2) equal shares, so as to provide one share each for JOHN JOSEPH BLAKE and MARGARET G. BLAKE. Each such share shall thereafter constitute and be administered by the Trustee as a separate trust. * * *
“ITEM II. The Trustee shall distribute monthly to or for the benefit of JOHN JOSEPH BLAKE all of the net income from his trust, * * *
“ITEM III. The Trustee shall distribute monthly to or for the benefit of MARGARET G. BLAKE all of the net income from her trust fund, * * *. The said MARGARET G. BLAKE shall use such income for the support of herself and the children of JOHN JOSEPH BLAKE and for no other purposes. Upon the divorce or legal separation of MARGARET G. BLAKE and JOHN JOSEPH BLAKE, the Trustee shall use the net income from, the MARGARET G. BLAKE trust to pay any alimony and/or child support payments that the Court having jurisdiction may order JOHN JOSEPH BLAKE to pay.

. “ITEM Y. Upon the respective deaths of JOHN JOSEPH BLAKE and MARGARET G. BLAKE, the Trustee shall divide the trust corpus and pay any and all undistributed income of the trust of that person so dying, into equal shares, so as to provide one share for each of the then living children of JOHN JOSEPH BLAKE, and one share for the descendants, collectively, per stirpes, of each then deceased child of his. * * * ”

. “ITEM III. * * * The said MARGARET G. BLAKE shall use such income for the support of herself and the children of JOHN JOSEPH BLAKE and for no other purposes. * * * ”

. “ITEM II. * * * The Trustee may also distribute directly for the benefit of JOHN JOSEPH BLAKE and/or his children, such portions, if any, of the corpus of the trust as in the sole discretion of the Trustee shall be necessary or desirable for the support and medical care of JOHN JOSEPH BLAKE or his children, * * *
“ITEM III. * * * The Trustee may also distribute directly for the benefit of MARGARET G. BLAKE and/or the aforesaid children, such portions, if any, of the corpus of the trust as in the sole discretion of the Trustee shall be necessary or desirable for the support and medical care of MARGARET G. BLAKE or the aforesaid children, * * * ”