PEARSON, Judge.
The appellant, Marcia Nathans, is the former wife of the appellee, Kenneth Rosenberg. She has custody of two minor children of the marriage. The parties were divorced in 1964 upon the complaint of the wife. The support provision of the final decree, which was based upon a written agreement, provided that the appellee should pay a total of $600 a month as child support. The post decretal order which is here appealed modified the final decree by re *616 quiring the appellee to pay $450.00 per month and further requiring the appellee to “deposit in a Miami banking institution, in trust, for the use and benefit of the two minor children the sum of $75.00 per month per child * * * ”
On this appeal the former wife urges that the chancellor abused his discretion by modifying the decree in this manner. We affirm the exercise of discretion upon the ground that no abuse has been shown, but we remand the cause with directions- to appoint a trustee and set forth the terms of the trust with greater particularity.
The situation giving rise to the order modifying the final decree was appellant’s remarriage. She had received title to the residence of the parties as a part of the property settlement agreement. The new family, which now includes the children of appellant and appellee, and one child of appellant and her new husband, occupies this residence. Appellee in his petition for modification alleged that the $600 a month support for his minor children was more than adequate, but he did not pray for a reduction in amount. He asked the court, “to require plaintiff to set up a trust fund on behalf of the two minor children and to deposit therein such sums as may not be necessary for the support and maintenance” of the children.
We have no record of the evidence and we find no difficulty in sustaining the chancellor’s finding that under the condition revealed by the petition and the answer to the petition, there was such a change of condition as is contemplated by the holdings in Eisinger v. Eisinger, Fla.1957, 95 So.2d 502, and Walden v. Walden, Fla. App.1959, 114 So.2d 815.
Although not made a point on appeal, appellant argues that the order entered by the trial judge is vague and indefinite. We must agree. The petition for modification prayed that appellant be made the trustee. We think that the banking institution in which the money is to be deposited and the manner of withdrawal should be designated. In addition it will save the parties expense and possible future resort to the court if specific purposes of the trust and discretion for the use of the money are included in the order. See Johns v. Townsend, 160 Fla. 213, 34 So.2d 565 (1948).
Accordingly, the order appealed is affirmed in part and reversed in part, and the cause remanded.