303 So.2d 340 (1974)
Ben Zion GINSBURG, Trustee, et al., Appellants,
v.
Joe J. KATZ et al., Appellees.
No. 74-171.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied December 9, 1974.
Mark Silverstein, Miami Beach, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Sherryll M. Dunaj, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Appellants, plaintiffs in the trial court, appeal from an adverse final summary judgment in their declaratory relief action in which they sought to determine their rights under an instrument entitled "Co-Beneficiaries Agreement," dated February 11, 1960. The parties to the action are interested parties but not all are original signatories to the agreement.
This case concerns a land trust agreement. Appellant Ginsburg is the trustee, and appellee Katz is a beneficiary of the trust who obtained his interest in 1967. In January 1973, the trustee sold a portion of the subject property pursuant to the approval *341 of all of the beneficiaries. Subsequently, the trustee found a purchaser for the remainder of the trust property, and entered into a deposit receipt agreement on February 12, 1973, contingent upon written consent of each and all of the beneficiaries. Appellee Katz refused to sign the contract approving the sale, and this precipitated the action now appealed.
The terms of the trust agreement with which we are concerned are:
"1. That BEN ZION GINSBERG, be and he is hereby appointed and designated as Trustee to hold the legal title to the following described property ... to and for the benefit of the undersigned beneficial owners ..."
"3. The Trustee is hereby authorized and directed to receive offers for the purchase of all or a portion of the property ... However, there shall be no obligation on the part of the beneficial owners ... until such offers shall have been ratified and approved by owners of fifty-one (51%) per cent interest in the property."
"17. The parties hereto agree that the property ... has been purchased for an investment only and only for the purpose of reselling the same at some future date."
"20. In the event any property shall be remaining in the Trust five (5) years from this date, it shall be the active and affirmative duty of said Trustee to terminate this Trust, convey to each of the beneficiaries their proportionate interest, and to make full and final accounting to said beneficiaries at said time." (Emphasis added).
"22. This agreement may be modified or cancelled in whole by resolution passed by 51% in interest of the parties hereto at a meeting called for such purpose and any matter or thing connected with such property not herein specifically provided for shall be determined and resolved by resolution of 51% in interest of the parties hereto."
Appellants contend: (1) that there was a genuine issue of material fact as to whether or not paragraph 20, providing for the five year life of the trust, was merely directory and not mandatory, in that although February 11, 1965, was the expiration of the time period certain, the purpose (selling the property) had not yet been accomplished; (2) that Joe Katz was estopped to assert that the trust terminated in 1965, when he did not become a beneficial owner until 1962, and never demanded conveyance of title to him by the trustee on the basis that the five year period had expired.
Addressing ourselves to appellants' first contention, where there is a clear and unambiguous provision in a trust instrument as to duration of the trust, the matter will be governed by the trust instrument. See Johns v. Townsend, 1948, 160 Fla. 213, 34 So.2d 565, and Clement v. Charlotte Hospital Association, Inc., Fla. App. 1972, 137 So.2d 615. Paragraph 20 of the trust agreement, supra, states that at the end of five years, if property remained in the trust, it was the trustee's affirmative and active duty to terminate the trust, convey the proportionate interest to each beneficiary and make an accounting. This provision is clear and unambiguous, and by its terms, the trust terminated on February 11, 1965, imposing an affirmative duty on the trustee to convey to the beneficiaries the remaining property, which he did not do.
In light of our disposition of the appellants' first contention, we find no merit in, and need not discuss appellants' second contention. For the reasons stated, the order appealed is affirmed.
Affirmed.