PER CURIAM.
Defendant, Millie Featherston, appeals an order authorizing the partition and sale of real property thereby terminating a testamentary trust of which she is trustee.
Plaintiff, H. W. Tompkins, married defendant’s sister, Betty Featherston Tompkins, and during their marriage, they acquired a marital residence which is the subject of this litigation. Betty and H. W. *307 were divorced and pursuant to the final decree, they became owners of the residence as tenants in common. H. W. was given occupancy of the house along with custody of the three minor children of the marriage. Thereafter Betty died and left her entire estate including the one-half interest in the marital residence to her mother, Mary Featherston. When Mary passed away, she devised all the property received from Betty’s estate to the three children born of the marriage between Betty and H. W. These properties,[1] pursuant to the terms of Mary’s will, were placed in trust and her daughter, Millie Featherston, appellant herein, was named trustee. The properties were to be held in trust until each of the children attained the age of 21. As the three children attained the age of majority,[2] they each signed a quit claim deed purporting to release their respective interests (as beneficiaries under the trust) in the marital residence to their father, H. W. Thereafter, H. W. filed for partition of the residence against Millie Featherston, as trustee, and prayed that he be permitted to sell the house. Defendant answered alleging a disability on the part of the youngest child at the time of the execution of his quit claim deed. After hearing argument of counsel, the chancellor entered an order authorizing H. W. to sell the subject real property, with % of the net proceeds of the sale going to him and the remaining to be held in trust by him until such time as the court makes a determination as to the disposition of the funds. We reverse.
Mary’s testamentary trust clearly provides that no distribution is to be made until the three children have attained the age of 21 years. Thus, the termination of the trust is plainly specified. Cf. Johns v. Townsend, 160 Fla. 213, 34 So.2d 565 (1948). It is conceded by the parties that the youngest child is not only under guardianship, but has not yet attained the age of 21 years. Thus, we conclude that the chancellor erred in the entry of his order prematurely terminating the trust by authorizing the sale and distribution of the net proceeds. Further, a court cannot terminate a trust when all the beneficiaries are not parties to a termination action, and without a determination that the purpose for which the trust was established has been accomplished. See Smith v. Mass. Mutual Life Ins. Co., 116 Fla. 390, 156 So. 498 (1934); Florida National Bank and Trust Company v. Blake, 155 So.2d 798 (Fla. 3d DCA 1963).
Reversed.

. Including the 'A interest as tenant in common in the marital residence.

. I. e., 18 years in Florida.