PER CURIAM.
The City of Islandia, a political subdivision of the State of Florida, brings this appeal from a final judgment and an amended final judgment entered upon a complaint for interpleader brought by Metropolitan Dade County. The appellees are the owners of tracts of land in the undeveloped political subdivision. In its complaint, Metropolitan Dade County alleged that it was a “stakeholder” of trust funds and that the City of Islandia and the owners were each demanding payment to them of the trust funds.
This litigation was commenced on November 7, 1975, upon the filing by Dade County of its complaint for interpleader. The complaint sought to require the named defendants, among them the City of Islan-dia and the appellee class members to litigate between themselves to determine their respective rights to the joint City of Islan-dia-Dade County Trust Fund account as created by that certain Joint Agreement dated September, 1962, between Dade County and the City of Islandia.
Subsequently, the City of Islandia and many named defendants, including William C. Martin, filed answers and/or responses to the complaint for interpleader. The answer by Martin filed on his own behalf and as representative of and for Elliot M. Park and Judson S. Sayre and Aled Corporation, and all other persons similarly situated, contained certain class action allegations and sought permission to proceed in defense of the action as class members of a class action. After Islandia’s Motion for Determination of Class Action Allegations, the court entered an order allowing Martin to proceed as lead defendant in the class.
After discovery, on November 15, 1976, the City of Islandia filed its Motion for Summary Judgment accompanied by a Notice of Hearing scheduling the hearing for December 6, 1976.
On December 2, 1976, defendant class members filed their Cross-Motion for Summary Judgment, together with various affidavits in support thereof. The class members’ Cross-Motion for Summary Judgment was noticed for hearing on December 6, 1976. Immediately upon receipt of the class members’ Cross-Motion and supporting affidavits, the City of Islandia moved to strike the supporting affidavits as untimely. This motion was preceded by one day by the filing of Islandia’s Motion to Strike Claims of Certain Class Members.
Thereafter, the court entered an order denying Islandia’s Motion to Strike Affidavits and Motion to Strike Claims of Certain Class Members, and entered Final Judgment in favor of the defendant class members. The Final Judgment was amended on June 6, 1977. This appeal ensued.
*387 In September, 1962, Dade County and the City of Islandia entered into a Joint Agreement which established a policy governing the purchase of submerged lands within the City of Islandia and within the official bulkhead line. The Joint Agreement further provided in relevant part as follows:
“1. That with respect to the sale and purchase of any submerged lands lying between the approved bulkhead line and any island or islands within the boundaries of the City of Islandia, the City and the County agree that as a condition precedent for the approval by the County and the City of any proposed sale of any submerged lands, the applicant must either submit for the approval of the City and the County detailed development plans showing the proposed use and development of such lands and the portions thereof to be reserved or allocated for public use, such as road rights of way, parks, beaches, recreational areas, school sites, or other public facilities, in order that the needs of the public in respect to such lands may reasonably conform and implement the private ownership and use to the fullest extent possible, subject to final approval of the Trustees of the Internal Improvement Fund; or in lieu of submission of such development plans, the applicant may, at his option, provided such application to purchase does not conflict with any development plans for said property by the County or the City, agree to pay into a trust fund to be jointly administered by the City of Islandia and Dade County an amount equal to fourteen (14%) percent of the purchase price of said submerged lands as set by the Trustees of the Internal Improvement Fund of the State of Florida, said trust fund to be expended only for the acquisition and maintenance of lands within the City of Islandia for public purposes, as approved jointly by the City, and Dade County.
“2. That all said trust funds shall.be deposited in a joint City-County Trust Fund in a bank in the City of Miami to be mutually agreed upon by the parties hereto. Such trust funds shall be administered jointly by the City and the County, and shall be expended only for the acquisition and maintenance of lands within the City of Islandia for public purposes, as approved jointly by the City and the County.”
Members of the class, rather than submit development plans, chose to pay the additional 14% of the purchase price of the submerged lands to be purchased. These additional monies were segregated in the subject joint trust fund. In consideration of the receipt of the additional 14% of the purchase price, Islandia and Dade County executed a Receipt and Recommendation by which they urged the Trustees of the Internal Improvement Fund of the State of Florida to approve each individual applicant’s request to purchase the submerged lands.
All such purchases were eventually approved by the Trustees of the Internal Improvement Fund.
In 1968, the United States Congress authorized the establishment of the Biscayne National Monument, at which time the United States Government began acquiring real estate holdings of the defendant class members. By January 1, 1976, all class members except Stanley C. Meyers, Continental Equities, Inc., George Stamos and Evelyn Stamos, and Stars, Inc., had sold all of their property in the City of Islandia to the federal government.
Appellant City’s answer to the complaint of interpleader alleged that it sought the trust funds to employ a land use planning expert to develop a master land use plan for the City of Islandia. Appellant maintains that this is a public use in connection with “the acquisition and maintenance of lands within the City of Islandia for public purposes.” Appellee urges that such a use is not contemplated by the trust and that, therefore, the City has not demonstrated a right to the funds.
Our review of the record convinces us that the summary final judgment was improperly entered. If we were to proceed, as the parties have proceeded here, upon the theory that the trial court was called upon *388 to determine which party had the better claim to the trust fund, we would hold that there are genuine issues of material fact as to whether the City’s proposed use is within the terms of the trust agreement and whether the land owners were illegally required without consideration to deposit the monies which make up the trust fund.
We find that a more fundamental issue arises from the complaint for inter-pleader and the answer filed; that is, has the trust created been properly terminated? When a trust fund has been legally created, it may not be terminated at the pleasure of the trustee. See Clement v. Charlotte Hospital Association, Inc., 137 So.2d 615 (Fla. 2d DCA 1962). It is true that if the purposes for which the trust was created have been accomplished or have been so frustrated that the trust serves no lawful purpose, the trustee may petition for the dissolution of the trust. See the rule in Clement v. Charlotte Hospital Association, Inc., supra; and see Featherston v. Tompkins, 339 So.2d 306 (Fla. 3d DCA 1976).
The complaint of Metropolitan Dade County may be interpreted as a petition to dissolve the trust. But the record is devoid of any proof and finding of the court that the trust is no longer in lawful existence. It is entirely possible upon the pleadings in this case that neither the appellant nor the appellee is entitled to the trust funds.
Also, the complaint, through its prayer, is a complaint for interpleader. We question very seriously whether this is a proper vehicle for the County to pursue. In this regard, we would point to the discussion in 76 Am.Jur.2d Trusts § 568 (1975), where it is stated:
* * * * * *
“In a proper case, interpleader is available to a trustee, but there are many factors distinctive to the situation where an interpleader is filed by a trustee which may preclude relief. One of the primary reasons precluding a trustee from obtaining relief of this kind is that he is not in the particular case considered to be a mere disinterested stakeholder, as required by the general rules of interpleader. One of the conditions generally necessary in order to entitle a person to maintain a strict bill of interpleader as distinguished from a bill in the nature of interpleader is that the stakeholder must be impartial, entirely indifferent to conflicting claims, having and asserting in himself no interest in the subject matter in the controversy.”

The summary final judgment is reversed. Upon remand, the court is directed to make findings after trial of the cause concerning (1) the legality of the trust, and (2) whether the trust should be dissolved, and then to proceed to a determination of the respective rights of the parties, if the court finds that the trust must be dissolved.
Reversed and remanded with directions.