408 So.2d 642 (1981)
Wellington ROLLE, Appellant,
v.
CITY OF MIAMI, and Board of City Commissioners of the City of Miami; Maurice Ferre, Mayor of the City of Miami; J.L. Plummer, Joe Carollo, Father Theodore Gibson and Armando LaCasa, As City Commissioners; Miami Tele-Communications, Inc., and Americable of Greater Miami, Ltd., Appellees.
No. 81-2415.
District Court of Appeal of Florida, Third District.
December 22, 1981.
Rehearing Denied January 29, 1982.
Ellis S. Rubin and Bernard R. Young, Miami, for appellant.
George F. Knox, Jr., City Atty., and Mikele S. Carter and John J. Copelan, Jr., Asst. City Attys., Paul, Landy, Beiley, Harper & Metsch and Robert M. Sondak, Myers, Kaplan, Levinson, Kenin & Richards and Bruce J. Berman, Miami, for appellees.
Before HUBBART, C.J., and SCHWARTZ and JORGENSON, JJ.
PER CURIAM.
The plaintiff Wellington Rolle appeals a dismissal of his declaratory judgment and injunction action below wherein he sought to have declared invalid and enjoin the enforcement of a Miami municipal ordinance granting certain cable television rights in the City of Miami to two private companies. *643 The gravamen of his action was that the ordinance herein was not submitted to a referendum as required by Section 74 of the City of Miami Charter[1] and was, therefore, invalid. It was further urged that he had standing to bring this action because the ordinance under attack deprived him of the right to vote on said ordinance, as a registered City of Miami voter, guaranteed by Section 74 of the City of Miami Charter.
We see no point in an extended discussion on the central issue briefed and argued before this court, namely, whether the plaintiff Rolle did or did not have standing to bring his action, because, in any event, his claim that he was denied the right to vote on said ordinance in a referendum was entirely devoid of merit. The Florida Supreme Court in State v. City of Miami, 379 So.2d 651 (Fla. 1980), has held that Section 74 of the City of Miami Charter  upon which the plaintiff Rolle asserts his right to vote here  is invalid under the Municipal Home Rule Powers Act [§ 166.021, Fla. Stat. (1979)] as constituting an unauthorized restriction on the borrowing and leasing powers of the City of Miami. The Court in the above case states the applicable law as follows:
"The state asserts that section 74 of the city [of Miami] charter requires an election which has not been held and prohibits the lease of a portion of the facility for forty-five years. We reject these contentions and find these provisions constitute limitations on the borrowing and leasing powers of the City of Miami which have been nullified by section 166.021(4), Florida Statutes (1977).
The Municipal Home Rule Powers Act [Act] set forth in chapter 166, Florida Statutes, was intended to secure the grant of the broad home rule powers to municipalities as provided by article VIII, section 2 of the Florida Constitution. Municipalities are granted the authority to conduct municipal government, perform municipal functions, and render municipal services so long as the powers are exercised for municipal purposes. The Act not only fails to incorporate restrictions set forth in municipal charters, but also specifically provides that `[a]ny other limitation of power upon any municipality contained in any municipal charter enacted or adopted prior to July 1, 1973, is hereby nullified and repealed.' § 166.021(4), Fla. Stat. Our decision is in accordance with an opinion rendered by the attorney general. See 1973 Op.Atty.Gen. Fla. 073-446 (November 29, 1973)." Id. at 653-54.
It is clear from the reasoning of this decision that the subject charter provision must also fall under the Municipal Home Rule Powers Act [§ 166.021, Fla. Stat. (1979)] as constituting an unauthorized restriction on the power of the City of Miami to grant franchises on its property to private persons; such franchises, like leases of city property or the issuance of revenue bonds, may be approved by the city commission without submitting same to a referendum. In any event, it is clear beyond dispute that the subject charter provision has been struck down by the Florida Supreme Court as having been nullified by the Municipal Home Rule Powers Act [§ 166.021, Fla. Stat. (1979)].
*644 Given the adjudicated invalidity of Section 74 of the City of Miami Charter, it follows that the plaintiff Rolle was not entitled to a declaration of his rights thereunder as no one could acquire any rights  voting or otherwise  under this null and void charter provision.[2] No justiciable issue worthy of a declaratory judgment was presented in this case, and, accordingly, the trial court was correct in dismissing the action on that basis alone. See e.g., Washington v. Independent Realty Co., 99 So.2d 613 (Fla. 1958); Johns v. Townsend, 160 Fla. 213, 34 So.2d 565 (1948); 19 Fla.Jur.2d "Declaratory Judgments" § 49 (1980).
We have examined the remaining contentions raised by the plaintiff on appeal and find them to be without merit. See e.g., Hohenberg v. Kirstein, 349 So.2d 765, 766-67 (Fla.3d DCA 1977). The final order under review is, therefore,
Affirmed.
NOTES
[1] Section 74 of the City of Miami Charter provides in relevant part as follows:

"No ordinance granting, renewing or leasing the right to use the streets, alleys, public grounds, or buildings of the City of Miami to any private person, persons, firm or corporation shall become a law or effective in any way until the same has been approved by a majority of the qualified voters of the City of Miami, voting at an election held therefor and the question of its being granted, renewed, or leased shall not be submitted to such vote except upon deposit with the city clerk of the expense of such submission (to be determined by the commission) by the applicant for such grant, renewal or lease; and no such grant, renewal or lease shall be for a longer period than thirty (30) years and no such grant, renewal or lease shall be transferable except with the approval of the commission expressed by ordinance; and copies of all transfers and mortgages or other documents affecting the title or use of such grants, renewals or leases shall be filed with the city clerk within ten (10) days after the execution thereof. * * *"
[2] The parties to this appeal sharply divide as to whether Section 74 of the City of Miami Charter  even if valid  was applicable to the subject cable television ordinance so as to require a referendum. Much like the trial court, we have no occasion to discuss this issue or announce anyone's rights under the subject charter provision as it is plain that this charter provision is in legal contemplation of no force and effect whatever.