452 So.2d 638 (1984)
COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION OF the PALM BEACHES, Appellant,
v.
Karen L. WRIGHT, Guardian of the Person and Property of Robert W. Olsker, Jr., Appellee.
No. 83-1079.
District Court of Appeal of Florida, Fourth District.
June 20, 1984.
Rehearing Denied September 7, 1984.
*639 Frederick M. Dahlmeier of Cromwell & Remsen, Riviera Beach, for appellant.
Charles L. Brown, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellee-Robert W. Olsker, Jr.
HERSEY, Judge.
Community Federal Savings and Loan Association of the Palm Beaches (the mortgagee) appeals from a non-final order setting aside a default and final judgment in a foreclosure proceeding.
*640 Robert W. Olsker executed promissory notes and two mortgages encumbering the real property which ultimately became the subject matter of these foreclosure proceedings. Upon his death the property was set aside as homestead and the fee simple title vested in Robert W. Olsker, Jr., who was at all pertinent times a minor (the minor). Karen L. Wright, a step-sister of the minor, was appointed as guardian of his person and property (the guardian).
Although funds were available in a guardianship account the guardian failed to make mortgage payments, whereupon foreclosure proceedings were instituted by the mortgagee. The complaint and all subsequent pleadings named as sole defendant "Karen L. Wright as guardian of the person and property of Robert W. Olsker, Jr." Service of process was effected on the guardian and on her resident agent. Inexplicably, no responsive pleadings were filed and ultimately a default and final judgment were entered. In due course the property was sold at a foreclosure sale to the highest bidder for a price of $36,000, although it was stipulated that the property was worth in excess of $100,000. The mortgagee was paid in full from the proceeds of the sale. A certificate of title was duly issued by the clerk.
The minor and his step-sister (the guardian) were evicted by the sheriff. The minor then learned for the first time of the foreclosure proceedings and, indeed, of the default in making the mortgage payments. He successfully petitioned for the appointment of a guardian ad litem who filed the motion to set aside the default judgment and as well, the sale of the property, pursuant to Florida Rule of Civil Procedure 1.540.
Apparently because the trial court felt that the sale itself could not be set aside before joinder of the purchaser, an order was entered setting aside only the default and the final judgment of foreclosure.
The mortgagee appeals, advancing five points for our consideration.
First, it is contended that the purchaser at the foreclosure sale is an indispensible party to proceedings which result in setting aside the final judgment ordering such sale. We need not decide this point since, in any event, the purchaser became a party by virtue of his motion to set aside the notice of lis pendens filed by the guardian ad litem subsequent to the judicial sale.
The motion to set aside the notice of lis pendens did not question the jurisdiction of the court over the person of the purchaser. While it is true that it is no longer necessary to appear specially to contest the jurisdiction of the court in order to preserve the defense of lack of jurisdiction, it is also true that where some affirmative action is taken it must be coupled with an objection to the jurisdiction of the court over the person or such jurisdictional inadequacy is waived. Green v. Hood, 120 So.2d 223 (Fla. 2d DCA 1960); Fla.R.Civ.P. 1.140(h). Clearly, a motion to set aside a lis pendens subjects the movant to the jurisdiction of the court. Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966). In addition, the purchaser was given notice of all proceedings subsequent to the sale and the purchaser's attorney attended each of the two hearings on the motion to vacate the default. The fact that the purchaser's attorney chose to take no active part in those proceedings is of no consequence. For all practical purposes the purchaser was a party to the action upon the filing of the motion to set aside the notice of lis pendens.
Appellant's second point on appeal concerns the question of whether a minor is an indispensible party in an action "wherein his duly authorized and appointed guardian has been named and service of process is obtained upon such guardian in a manner provided by law." Fee simple title to the real property encumbered by the mortgages sought to be foreclosed was in the minor. It is well established that in an action to foreclose a mortgage the owner of the fee simple title is an indispensible party. See 37 Fla.Jur.2d Mortgages and Deeds of Trust § 296, at 262 n. 26. This is so even where the titleholder is a minor. *641 See 39 C.J.S. Guardian and Ward § 179, at 359, 360 (A ward is a necessary party to a suit affecting his title to real property and cannot be bound by such an action brought against the guardian alone.) and 39 Am.Jur.2d Guardian and Ward § 153, at 119 ("[A]ll actions relating to the property of the ward ... must be brought against the ward himself, and not against the guardian."). Throughout appellant's brief the statement is made that the minor was not made a party. This concession is reinforced by the pleadings and the balance of the record from the trial court. We therefore conclude that the judgment of foreclosure is void because the minor was never made a party.
Parenthetically we note that the parties exchange arguments as to the necessity of "formal notice" under Florida Rule of Probate and Guardianship Procedure 5.040(a), and the type of service of process appropriate under the circumstances present in this case. The concept of "formal notice" is peculiar to probate and guardianship proceedings in the probate division of circuit court. It has no application to suits of a civil nature filed in other divisions of circuit court. Fla.R.P. & G.P. 5.010. The sufficiency of service of process in civil litigation is controlled by Florida Rule of Civil Procedure 1.070 and Chapter 48, Florida Statutes (1983), whether or not the party is a minor or other incompetent.
As to the type of service of process, appellant takes the position that, where a guardian has been appointed, service may be perfected on a minor by delivering a copy of the process, together with the complaint, petition or other initial pleading, to the guardian. §§ 48.041(2) and 48.031, Fla. Stat. (1983). However, appellant fails to read section 48.041(2) in pari materia with section 48.041(1). Section 48.041(1) states that service on incompetents is accomplished by reading the process to the minor and to the person in whose custody the minor is and by further serving said process on the guardian ad litem or other person if one is appointed by the court to represent the minor. Subsection 2 merely provides the method of service on the guardian by reference to section 48.031. The minor was never named in the instant suit much less read the process. The latter procedural deficiency would render the final judgment voidable on appeal, Smith v. Langford, 255 So.2d 294 (Fla. 1st DCA 1971); Williams v. Richardson, 432 So.2d 58 (Fla. 3d DCA 1983); however, here the judgment of foreclosure is void for the reasons previously indicated.
Further appellant argues that since the provisions for notice and virtual representation apply in guardianship, citing section 744.106, Florida Statutes (1983), then any judgment entered against a guardian binds the ward even if such judgment results from a default. This is clearly wrong. Although section 731.303(2)(b)(1) provides that, to the extent there is no conflict of interest between them, orders binding a guardian of the property bind the ward whose estate he controls, this hypothesis is limited to probate and guardianship proceedings in which a judgment has been entered in due course and with due process. Even this concession is more an exception than a rule. And it is clearly not the rule in other civil litigation, except in the case of a guardian ad litem appointed to represent the incompetent in the particular litigation. Without the minor before the court, conflict of interest might be impossible to detect. Therefore while it is true that the guardian may represent the interests of his ward, it is not true that the ward need not be made a party in an action to foreclose a mortgage. Compare Florida Rule of Civil Procedure 1.210(a), which provides that a guardian may sue in his own name without joining with him the real party in interest, with 1.210(b), which provides that the guardian may sue or defend on behalf of the infant or incompetent person. (By negative implication the guardian cannot defend in his own name.)
Appellant's third point on appeal is whether a court may enter a default judgment against a duly appointed and authorized guardian. We discuss this point only briefly, because our disposition of the case *642 is based upon appellant's second point on appeal.
Appellant's first argument under this point relies upon an interpretation of Florida Rule of Civil Procedure 1.500(e), which provides in part as follows:
(e) Final Judgment. Final Judgments after default may be entered by the court at any time but no judgment may be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator or other representative who has appeared in it or unless the court has made an order under Rule 1.210(b) providing that no representative is necessary for the infant or incompetent.
Appellant contends that the phrase "who has appeared in it" modifies only the term "other representative" so that it is not necessary that a "general guardian" have "appeared in" the suit in order for a final judgment to be entered after default. We suggest this is an incorrect reading of the rule. The jurisprudence is repleat with examples of judicial solicitude for the rights of incompetents. So much so, that it has often been said that an incompetent is the ward of the court. Clearly, if a final judgment is to be entered against an incompetent after a default, the very least protection that courts should afford is to require that the guardian of the incompetent enter an appearance in the action. Thus we hold that, even if the ward had been made a party and service of process upon him had been appropriately perfected, the default would have been improper.
Appellant next maintains, alternatively, that Rule 1.500(e) would not apply here because "the rule only limits judgments against an infant or incompetent person. It is clear in this case that no judgment was entered against an infant or incompetent person ... . A judgment was entered [only] against the guardian of the person and property of said infant." The fallacy behind this argument is self-evident. If such were the case the protections of the rule could be avoided and the purpose of the rule frustrated by the simple expedient of naming the guardian and not the ward. We disavow such an interpretation.
Finally, under this point, appellant reminds the court that the guardian has authority without court approval to waive any defense arising in the foreclosure action. We suggest this is an incorrect statement of the law. The authority of a guardian is seriously circumscribed by statute. The powers and the limitation on the powers of a guardian to act are set out in Chapter 744, Florida Statutes. In section 744.387(3)(a), it is provided that no settlement after an action has been commenced by or on behalf of a minor or other incompetent shall be effective unless approved by the court having jurisdiction of the action. Again in Section 744.441 the guardian may act only after obtaining approval of the court in (7) abandoning property (and basically this is what happens if a mortgage is permitted to be foreclosed without objection by the guardian), (11) prosecute or defend claims for the protection of the ward's estate, and (12) to sell, mortgage or lease any real or personal property. The guardian thus labors under the most careful scrutiny in dealing with a ward's property. To suggest cavalierly that a guardian may waive any defense in a foreclosure action without court approval is inimical to the philosophy underlying the relationship between guardian and ward and the position of that relationship within the framework of our judicial system.
Appellant's fourth point on appeal is whether a final default judgment can be set aside under Florida Rule of Civil Procedure 1.540, based on "judicial error." The trial court indicated during the course of the hearings that he had been remiss in failing to take into account the minor's status, and perhaps in failing to appoint a guardian ad litem to represent his interests. This is apparently the judicial error upon which the order setting aside the default rests. Nonetheless, we are instructed by Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979) that a *643 pronouncement of the trial court may be right for the wrong reason and should be affirmed if it is right for any reason. We have previously determined that the judgment of foreclosure is void. Consequently, the defect is clearly reachable under Florida Rule of Civil Procedure 1.540(b)(4): "[T]he judgement or decree is void." The cases cited by appellant have no application in the context of a void judgment.
Appellant's final point on appeal deals with excusable neglect as that term is used in Florida Rule of Civil Procedure 1.540(b) and has no application on the facts of this case.
The conclusion we reach in this case may well ultimately result in the setting aside of the judicial sale. While that may seem a somewhat harsh result, it is no more harsh than depriving an incompetent of his property as the result of a proceeding in which he was not a party and of which he had no notice. Further, the purchaser was on notice, at least constructively, of the fundamental deficiencies in the foreclosure proceedings.
A sale by the guardian must strictly comply with the order authorizing it, and must be in accordance with the provisions of law giving the court jurisdiction of the proceedings.
The doctrine of caveat emptor, which applied in its utmost vigor and strictness to those claiming under judicial sales, applies to guardianship sales.
28 Fla.Jur.2d Guardian and Ward § 63 and cases there cited. (Emphasis added.)
We therefore affirm the order setting aside the default and final judgment and remand for further appropriate proceedings.
AFFIRMED.
ANSTEAD, C.J., and BERANEK, J., concur.