533 So.2d 300 (1988)
Rita JANNIS, Appellant,
v.
Jack TANNER and Sheila F. Wyle, Appellees.
No. 87-1885.
District Court of Appeal of Florida, Third District.
November 1, 1988.
*301 McDermott, Will & Emery and Lawrence R. Metsch, Miami, for appellant.
Hendricks & Hendricks and Robert Hendricks, Buchbinder & Elegant and Harris Buchbinder and Carolina A. Echarte, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and NESBITT,[*] JJ.
SCHWARTZ, Chief Judge.
While Betty Wyle Tanner, long since adjudicated incompetent because of the ravages of Alzheimer's disease, lay totally incapacitated in a Miami Beach nursing home, her second husband, who was the appointed guardian of her person,[1] and her two adult children were fighting over her assets in the Dade County Circuit Court. This is an appeal by one daughter from a judgment resolving various claims in favor of the husband, supported by the other daughter. We vacate the judgment for lack of jurisdiction.
It is axiomatic that the guardianship estate, in common with any party whose interests are directly affected by a judicial determination, is an indispensable party to a proceeding like the one below which concerns claims against it and the disposition of the ward's property. Community Fed. Sav. & Loan Ass'n v. Wright, 452 So.2d 638 (Fla. 4th DCA 1984); National Title Ins. Co. v. Oscar E. Dooly Assocs., Inc., 377 So.2d 730 (Fla. 3d DCA 1979), dismissed, 385 So.2d 759 (Fla. 1980); Florida Nat'l Bank & Trust Co. v. Blake, 155 So.2d 798 (Fla. 3d DCA 1963). In this case, however, as is graphically shown by the fact that even the style of this appeal does not include the guardianship, Mrs. Tanner was not herself represented. The trial court did not either appoint a guardian ad litem as is mandatorily required by section 744.391, Florida Statutes (1987)[2]; Florida Power & Light Co. v. Macias, 507 So.2d 1113 (Fla. 3d DCA 1987), review dismissed, 513 So.2d 1060 (Fla. 1987), review denied, 518 So.2d 1276 (Fla. 1987); see Drury v. Harding, 461 So.2d 104 (Fla. 1984), or otherwise provide for the appearance of the ward at the trial below. Hence, it was without jurisdiction to render the purported judgment before us. Martinez v. Balbin, 76 So.2d 488 (Fla. 1954); Alger v. Peters, 88 So.2d 903, 906 (Fla. 1956) (en banc); Davanzo v. Resolute Ins. Co., 346 So.2d 1227 (Fla. 3d DCA 1977); Fulmer v. Northern Cent. Bank, 386 So.2d 856 (Fla. 2d DCA 1980). For this reason, the "order" on appeal is vacated and the cause remanded for further appropriate proceedings.[3]
VACATED, REMANDED.
NOTES
[*] Judge Nesbitt participated in the decision, but did not hear oral argument.
[1] Barnett Bank was appointed as guardian of the property but was not authorized to and did not participate in any way in the pertinent proceedings below.
[2] This provision provides in part:

744.391 Actions by and against guardian or ward.  If an action is brought by the guardian against the ward, or vice versa, or if the interest of the guardian is adverse to that of his ward, a guardian ad litem shall be appointed to represent the ward in that particular litigation.
[3] While we are formally without jurisdiction to pass upon the merits of the proceedings below, it is not inappropriate to observe that many of the issues raised by the appellant appear to present substantial merit.