KLEIN, J.
Appellant, the administrator of the estate of Nancy Gormley, appeals an order refusing to distribute assets of a trust and closing a guardianship estate. We reverse.
Years ago Adelbert and Dorothy Guel-zow set up a trust to provide for their care for the remainder of their lives and upon their deaths to be distributed to their daughter, Nancy Gormley. By 1990 both of the Guelzows were deceased; however, two parcels of property located in Palm Beach County which were assets of the trust remained in the name of the trust.
In 1999 Gormley, a resident of Virginia, was declared incapacitated, and a Virginia attorney, M. Garey Eakes, was appointed guardian of her property. Eakes filed a petition in Palm Beach County requesting appointment as a foreign guardian to manage the property of the ward in Florida and asking the court to convey the real property that was still titled in the trust to himself as guardian. The lower court entered an order appointing Eakes.
The guardian then filed an amended petition asking for permission to distribute the assets of what he referred to as the terminated Guelzow trust. The trial court, on its own, denied the petition to distribute the trust property on grounds that the petition filed by attorney Eakes had falsely indicated that the property belonged to Gormley when in fact it remained part of the trust established by Gormley’s parents. The court also determined that the earlier order appointing Eakes as guardian of the property of Gormley was void and, on its own, closed the guardianship estate. Eakes has appealed those rulings, pointing out that at the time Eakes filed the initial petition in Florida he did not know that the property was still legally titled in the name of the trust.[1]
The duration of a trust is governed by the trust instrument. Ginsburg v. Katz, 303 So.2d 340 (Fla. 3d DCA 1974.) This trust terminated ten years ago upon the death of Dorothy Guelzow, at which time, under the trust, the property was to be distributed to Gormley. We therefore reverse and remand for the trial court to grant relief consistent with this opinion, so that the property can pass through Gorm-ley’s estate.
GROSS and TAYLOR, JJ., concur.

. After the appeal was filed Gormley died and the administrator of her estate, Mumford Yates, Jr., was substituted as the proper party to the appeal.